SANDWICH MANUFACTURING COMPANY
v.
WILLIAM C. KELLY.

*Sales—Warranty—Rescission—Delay—Action on Note—Set-off—Instructions.*

1. An obligation on the part of the defendant to pay a note assigned by the plaintiff, may be sufficient to sustain a plea of set-off, although payment was not made until after suit brought.

2. In an action on a promissory note given on account of the purchase price of a reaper, it is *held:* That the contract of warranty applied to the machine in question, although originally given for another machine; and that the defendant's delay in returning the machine is sufficiently explained.

3. Instructions should be as few and plain as possible. All mere repetition and all redundant or useless forms of expression should be avoided.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Green County; the Hon. G. W. HERDMAN, Judge, presiding.

Messrs. JAMES R. WARD and FRANK A. WHITESIDE, for appellant.

Mr. JOHN G. HENDERSON, for appellee.

WALL, J. The appellant brought suit against the appellee upon a promissory note for $105. The appellee recovered a judgment against the appellant, upon a plea of set-off, for $114.46, from which an appeal is prosecuted to this court.

The note in suit and another for the same amount were given for the price of a reaper and the defense interposed was that the machine, having failed to work properly, had been tendered to the agent of appellant by whose direction it had been placed under shelter on the premises of appellee, subject to the orders of the appellant. The defendant sought not only to defeat the note sued on but to recover by way of set-

off the amount of the other note which he had been compelled to pay to one Mosher, to whom the note had been assigned before maturity. This, by the verdict and judgment, he was permitted to do. It is objected by appellant that there was no warranty or contract applicable to the machine in question under which such a defense was admissible. The warranty or contract referred to was, indeed, given for another machine at a price ten dollars higher, but, by an arrangement afterward, the present machine was substituted at the price already mentioned, it being understood that the contract, as originally made, should apply to it as was intented it should to the machine first selected.

We see no difficulty in this. It is reasonably clear the parties understood the matter the same way, and there is no reason suggested or perceived why they might not make the change and be bound by it.

Appellant complains that there is hardship and injustice in the finding because it appears the appellee used the machine for two seasons and after getting this benefit he should not be permitted to return it. The fault was in the binder. According to the proof, as made by appellant, it would not work well, and after repeated efforts during the first season by the appellee, as well as the agents of appellant, the difficulty could not be overcome. All the season there was constant trouble in this respect. At the end of the first season the appellee and the agent of appellant made an additional agreement by which the latter especially undertook, in writing on the back of the note sued on, to make the machine work well if appellee would try it another season. The second season was a repetition of the first in the repeated efforts to correct the imperfection and the constant failure to get satisfactory work, and it was then, according to appellee, that he proposed to return it, and was instructed to place it under shelter and hold it for appellant.

The evidence is not free from conflict upon important points, but there is enough to warrant the jury in finding substantially as above stated, and, assuming that appellee acted in good faith, making frequent efforts to overcome the defect at the request and suggestion of the agents of the appellant, the mere fact

that he used it for cutting his grain two seasons under the circumstances of loss and annoyance, as he states them, would not preclude him from returning or offering to return the machine.

If it worked as badly as he says, it was not the implement he contracted for and he was not bound to keep it. It was a fair question of fact for the jury whether the course he took was in good faith. The length of time he kept it, unexplained, would furnish very strong ground for the belief that his objections were imaginary or manufactured, but the version given by him, if truthful, would justify his final action. We do not find sufficient cause to interfere with the verdict on this account.

It is also objected that the set-off should not prevail because the money was paid upon the note assigned to Mosher after this suit was brought. It is said that the plea of set-off is in the nature of a cross-action and that the subject-matter thereof must have existed when the principal suit was begun. Admitting this to be sound as a general proposition we think it has no application here. If the action of the appellee was warranted by the terms of the contract and by what occurred subsequently, the return or offer to return operated as a rescission of the contract so far as he was concerned, and he had the right to an immediate return of his notes. If appellant failed to make such return, appellee then had a cause of complaint. If one of the notes was then in the hands of an assignee for value, the liability of appellee to pay it was fixed. Lee v. Pennington, 7 Ill. App. 247; Pollock v. McClurken, 42 Ill. 370. He could not escape and there was no hardship in permitting him to recover on his plea of set-off the amount he was bound to pay when the suit was commenced although he did not discharge the liability till afterward. By thus transferring the note appellant imposed the liability upon appellee. The act of appellant was complete before the suit was brought and the legal obligation thereby caused was perfect and unavoidable. Being absolutely bound for this amount appellee might set it off in this action.

As to the instructions given for defendant, we find nothing in them opposed to the principles of law we deem applicable.

There appears in this case, as in many cases, an unnecessary number and quantity of instructions on both sides. We have no doubt juries are often confused in this way. It is advisable that instructions should be as few and plain as possible, avoiding all mere repetition and all redundant or useless forms of expression. The trial court should not hesitate to modify or refuse such as are objectionable in these particulars. The record presents no substantial error and the judgment will be affirmed.

*Judgment affirmed.*