---

(No. 13236.—Appellate Court reversed; superior court affirmed.)
ELSPETH M. CONNER, Plaintiff in Error, *vs.* THE BORLAND-GRANNIS COMPANY, Defendant in Error.

*Opinion filed June 16, 1920—Rehearing denied October 7, 1920.*

1. APPEALS AND ERRORS—*effect of Appellate Court's holding that trial court erred in not directing verdict for defendant.* Where the Appellate Court makes no finding of facts different from the facts as found by the trial court and holds as a matter of law that the trial court erred in not directing a verdict for the defendant, every ultimate fact which the evidence for the plaintiff tends to prove must be deemed to have been found for the plaintiff by the Appellate Court.

2. SAME—*when judgment of Appellate Court must be reversed.* Where the Appellate Court does not find any fact different from the facts as found by the trial court but reverses the judgment of that court and enters final judgment upon an erroneous conclusion of law under the facts proved, the judgment of the Appellate Court must be reversed.

3. SAME—*when party relinquishes right to another trial of issue of fact.* Where the Appellate Court reverses a judgment for the plaintiff in an action at law and remands the cause but upon motion by the plaintiff in error in that court strikes out the remanding order and enters final judgment, said plaintiff in error must be held to have relinquished the right to another trial of the issue of fact in case the judgment of the Appellate Court is reversed.

4. SALES—*general rule as to when purchaser waives right to rescind a contract and return property.* If a purchaser desires to rescind a contract of sale and return the article purchased he must offer it back as soon as he discovers the breach or after he has had a reasonable time for examination, and he waives the right

to rescind by continuing to use the article for trial for a longer time than is reasonable and must resort to an action for damages for a breach of warranty or must rely on his defense to a suit for the contract price.

5. SAME—*when use of the article purchased is not a waiver of right to rescind contract and return property.* The mere acceptance and use of an automobile does not constitute a waiver of the purchaser's right to rescind the contract, return the property and sue to recover payments made, where the alleged defects in the car are such as can only be discovered by its use; but the question whether the retention of the car, under the circumstances, has been for more than a reasonable time is for the jury, unless the evidence is so conclusive that all reasonable minds would agree that there was a waiver.

6. SAME—*what should be considered on question of waiver of right to rescind.* In determining whether the purchaser of an automobile has waived her right to rescind the sale for defects, the promises of the seller to remedy the defects and all other circumstances tending to induce a reasonable belief on the part of the purchaser that the defects would be remedied should be considered.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. WILLIAM F. COOPER, Judge, presiding.

INA M. R. CAMPBELL, for plaintiff in error.

ISHAM, LINCOLN & BEALE, (CYRUS H. ADAMS, JR., of counsel,) for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, Elspeth M. Conner, contracted with defendant in error, the Borland-Grannis Company, for the delivery to her of one Borland electric brougham, model 50, rear drive, at the price of $3100. Fifty dollars was paid on signing the contract and the balance was to be paid by the delivery of an electric car at $1200, $200 in cash and the balance by notes. The car was to remain

·the property of the Borland-Grannis Company until fully paid for, and the seller guaranteed the car against defective material and workmanship for twelve months, except as to tires, batteries and against wear and tear resulting from ordinary use or negligence of the user. The car was delivered the last of June, 1913, when $200 was paid and notes coming due every thirty days were given, secured by chattel mortgage. Plaintiff in error claimed that the car was not according to contract but made payments until October 9, 1913, when she gave her check for $204, on which she indorsed that the payment was under protest, on condition that the payee should furnish her with a car as contracted and subject to her approval. The check was immediately returned and the car was taken under the chattel mortgage and was sold on October 25, 1913, to Uri B. Grannis for $1350. The plaintiff in error brought her suit in the superior court of Cook county and recovered a judgment for $1850, the amount she had paid on the purchase of the car, together with costs. The defendant in error took the record to the Appellate Court for the First District by writ of error, and that court, upon consideration of the errors assigned, reversed the judgment and remanded the cause to the superior court for a new trial. Afterward, on motion of the plaintiff in error, (defendant in error in this court,) the order remanding the cause to the superior court was stricken out and final judgment was entered reversing the judgment of the superior court. By its motion to strike from the judgment the order remanding the cause and to render final judgment, the defendant in error relinquished its right to another trial of the issue of fact and is not entitled to have the cause remanded for such trial. This court allowed a writ of *certiorari* to review the judgment of the Appellate Court.

By the contract the title was to remain in the defendant until the car was fully paid for, which would be a contract of conditional sale, under which the title would not pass.

(*Gilbert* v. *National Cash Register Co.* 176 Ill. 288.)    It
seems that part of the contract was abandoned and a chat-
tel mortgage given, and the question upon which the result
of the suit depended was whether the plaintiff had a right
to rescind the sale.    One of the specifications was that the
upholstering was to be blue leather, and it was blue leather
only up to the windows with cloth above, and the plaintiff
objected that the car had a cloth top and cloth steps and
she could not keep it clean in the district where she lived,
but, so far as the upholstering was concerned, she accepted
the car and relied upon the promise of defendant to fix it
later, so that she had no right to rescind on that ground.
The plaintiff was a doctor and used the car in her prac-
tice, and her claim was that it was not according to con-
tract.    The evidence in her behalf was that the body had
been touched up after it was varnished and showed in spots
and was tacky; that the panel on the left door had been
damaged and covered with a piece of silk and painted over;
that the brakes locked and there was constant trouble with
them and trouble with the handle-bar; that the seat would
not turn; that before the car was taken by the defendant
the paint was cracked and the varnish on the window frame
peeled off; that she complained and protested against pay-
ing her notes, but said that she was always ready to pay
if the car was fixed as it ought to be; that she had the
car at the service station four times; that she had trouble
every time she took the car out; that the rear axle was weak,
so that in going over a bump the weight of the car would
cause the rear axle to sag, which had a tendency to lock
the brakes, and that she was led to keep the car as long as
she did in the expectation and belief that the defects would
be remedied.    It was admitted by the defendant that the
car was not upholstered according to the agreement, but
the plaintiff accepted the car with knowledge of that fact,
and the evidence for the defendant was that otherwise there
was nothing substantially wrong with the car.    After the

car was sold at the chattel mortgage sale a second truss-rod was put in the rear axle to strengthen it, and the car was re-varnished and afterward sold to William E. Schreiber, who testified that he never had any trouble with it.

At the close of the evidence the defendant moved the court to direct a verdict in its favor, which the court refused to do and submitted the issue to the jury, which found for the plaintiff, and the court approved the verdict and entered judgment. There was no finding of facts by the Appellate Court differing from the facts as found by the trial court, but the assignment of error sustained was that the trial court erred, as a matter of law, in not directing a verdict for the defendant. If the trial court did not err in refusing to direct a verdict the judgment of the Appellate Court must be reversed. Every ultimate fact which the evidence for the plaintiff tended to prove was therefore found in her favor, but the conclusion of the Appellate Court was that such facts were not, as a matter of law, sufficient to sustain the judgment. The opinion expressed was that the plaintiff, by her conduct in retaining and continuing to use the car and by her payment of the notes secured by the chattel mortgage as they fell due, waived her right to rescind the sale.

It is a rule of law that if a purchaser desires to rescind a contract of sale and return the article purchased he must offer it back as soon as he discovers the breach or after he has had a reasonable time for examination, and he waives the right to rescind by continuing to use the article for a longer time than is reasonable for a trial and must have recourse to his action for damages in a suit for a breach of warranty or as a defense to a suit for the contract price. (*Underwood* v. *Wolf*, 131 Ill. 425; 2 Benjamin on Sales, sec. 1356.) The alleged defects in this car which the evidence for the plaintiff tended to prove could only be discovered by use by the plaintiff. The question whether she retained the car longer than was reasonably necessary de-

pended upon all the facts and circumstances in evidence. (*Doane* v. *Dunham,* 79 Ill. 131.)   The law fixes no time for the return of an article under such conditions, and it was a question for the jury to decide from the evidence whether the retention of the car, which was returned several times to the service station and repaired at other times, was for more than a reasonable time for the plaintiff to decide whether she would keep the car or not.   Such a question could only be one of law for a court if the circumstances were such that all reasonable minds would agree that the car was retained under such conditions that there would be a waiver of the right to rescind, and surely that was not the case here.   The verdict was directed in the case of *Wolf Co.* v. *Monarch Refrigerating Co.* 252 Ill. 491, but in that case the contract provided that at the end of ten days allowed for a test the purchaser was to accept or reject the plant and if rejected to notify the other party. The length of time the plaintiff kept the car, unexplained, would furnish very strong ground for the belief that the alleged defects were not substantial or that she had concluded to keep the car even if it was not made to conform to the contract, but all the circumstances and everything which tended to show a reasonable belief on her part that the defects would be remedied were to be taken into account.   The Appellate Court erred in holding, as a matter of law, that the plaintiff had waived her right to rescind the sale.

As the Appellate Court did not find any fact different from the facts as found by the trial court and erred in reversing the judgment and entering final judgment in that court from an erroneous conclusion of law, the judgment of the Appellate Court will be reversed and the judgment of the superior court affirmed.

> *Judgment of Appellate Court reversed.*
> *Judgment of superior court affirmed.*