## The Dandyline Company, Appellee, v. Harry Linsk, trading as H. Linsk & Company, Appellant.

### Gen. No. 24,582.

1. Appeal and error—*final determination by Appellate Court after reversal by Supreme Court.* The Appellate Court will reverse a judgment of the municipal court and find the facts without remanding the cause on a mandate of the Supreme Court providing that judgment may be reversed and remanded or affirmed or finally determined by the Appellate Court under the Practice Act, sec. 120, Cahill's Ill. St. ch. 110, ¶ 119, where the plaintiff, suing for damages for breach of contract, has by formal waiver of its right to new trial stipulated that it has no new evidence to present and where the necessary effect of the action of the Supreme Court is to sustain the opinion of the Appellate Court that the contract sued on by plaintiff was not proven, and to require reversal of the judgment of the trial court.

2. Appeal and error—*effect of waiver of right of new trial.* Waiver by a party of the right of new trial is the waiver of the right to have a cause remanded to the trial court for retrial and, in so far as the party stipulating is concerned, authorizes the Appellate Court to finally determine the same without remanding.

Appeal from the Municipal Court of Chicago; the Hon. Edmund K. Jarecki, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Reversed with finding of fact. Opinion filed November 29, 1922. *Certiorari* denied by Supreme Court (making opinion final).

Wilkerson, Cassels & Potter, for appellant.

Rosenthal, Hamill & Wormser, for appellee.

Mr. Justice Taylor delivered the opinion of the court.

On October 7, 1922, the Dandyline Company filed in this court the mandate of the Supreme Court of this State and moved to have the cause reinstated and redocketed and for the entry of final judgment in accordance with the directions in the remanding order. The mandate of the Supreme Court—*Dandyline Co.*

*v. Linsk,* 295 Ill. 69 [reversing 216 Ill. App. 479]—is that the cause be remanded to this court "with directions to enter such judgment reversing and remanding or affirming the judgment of the municipal court as in its judgment may be proper, or reciting in its judgment the facts found by it, if any such final determination of the cause is made, as is provided for in section 120 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 119]." It is the contention on behalf of the plaintiff, the Dandyline Company, that as "there is no controverted question of fact and as the Supreme Court has in effect held that the facts as a matter of law establish the contract declared upon there would seem to remain for this court only the duty to affirm the judgment of the municipal court."

On the other hand, it is contended on behalf of the defendant that the plaintiff has had its day in court and is bound by the record containing its waiver of a new trial; that it has been decided by the Supreme Court that there were controverted questions of fact involved; and that the majority opinion of this court was sustained on the point that there was not simply a question of law presented; that, as it was found by this court (1) that it was the intention of the parties that there should be no binding contract concerning any one of the four styles of dresses until the plaintiff had approved a sample made by the defendant from a sample furnished by the plaintiff; (2) that as to lot numbered 649 and 607 no samples submitted by the defendant to the plaintiff ever received the approval of the latter and that no contract was ever consummated as to those numbers; (3) that the contract declared upon, that is to sell 400 dozen dresses, never existed; (4) that the evidence as to the plaintiff's damages was for the breach of a contract to sell 400 dozen dresses and the judgment was not justified by the evidence; and (5) that the plaintiff by its stipulation admitted that it had no additional evidence to

offer and waived its right to a new trial; the judgment of the municipal court should be reversed with a finding of facts.

Counsel for the plaintiff have argued quite ingeniously that if there was some evidence tending to prove a contract as alleged in the statement of claim and if the evidence is to be considered as uncontradicted, it must follow, from the intimations of the opinion of the Supreme Court, that the judgment of the municipal court should be affirmed. But, there was a very serious conflict as to what deductions should be made from the evidence as to the overt acts of the parties, and, although it may be said that some of the facts shown by the evidence were in the direction of proof of some of the details of the contract set forth in the statement of claim, still, the evidence all taken together, it is our judgment, not only does not prove as a matter of fact the contract alleged in the statement of claim but proves such a contract as was set forth in our former opinion, which latter contract is made up of facts, and deductions therefrom, quite different from the facts alleged in the statement of claim.

In the opinion of the Supreme Court it became necessary to remand the cause to this court in order that we might reverse and remand or affirm, etc. Of course, if the Supreme Court had concluded that only a question of law was involved and that this court was wrong in the principle of law which it had applied to the facts, it would have reversed the judgment of this court and affirmed the judgment of the lower court.

Under the law the plaintiff is bound by its waiver and stipulation as to remanding the cause to the lower court. In *Conner v. Borland-Grannis Co.*, 294 Ill. 58, where a judgment of a trial court was reversed in the Appellate Court and remanded for a new trial and a motion was made by one of the parties, pursuant to which, the remanding order was stricken out and a final judgment of reversal entered, the Supreme Court

said: "By its motion to strike from the judgment the order remanding the cause and to render final judgment, the defendant in error relinquished its right to another trial of the issue of fact and is not entitled to have the cause remanded for such trial."

Also, in *Reynolds v. Chicago City Ry. Co.*, 287 Ill. 124, where there was quite a similar situation to that in the *Conner* case, *supra*, the court said: "This would not amount to a confession of error or a consent to the judgment which had been rendered against him over his objection, but it was a waiver only of his right to have a new trial in the superior court or to complain that the cause was not remanded. The judgment of reversal was then final against him, but it cannot be said to be a judgment by consent or on his own motion." Accordingly judgment will be entered here reversing the judgment of the municipal court with a finding of fact.

*Reversed with a finding of fact.*

Finding of fact: We find that it was the intention of the parties that there should be no binding contract concerning any one of the four styles of dresses until the plaintiff had approved the sample made by the defendant from a sample furnished by the plaintiff; that as to lot No. 649 and No. 607, no samples submitted by the defendant to the plaintiff received the approval of the latter; that as to those lot numbers there was no meeting of minds and no contract consummated; that the contract declared upon, that is to sell 400 dozen dresses, never existed; that the evidence as to the plaintiff's damages was for the breach of a contract to sell 400 dozen dresses and that the plaintiff has no additional evidence to offer, and has by its stipulation in this court expressly waived its right to a new trial.

THOMSON, P. J., and O'CONNOR, J., concur.