556

American Sanitary Rag Company, Appellant, v. United States Hoffman Machinery Corporation, Appellee.

Gen. No. 42,656.

 Opinion filed November 17, 1943. Rehearing denied December 27, 1943.

CHAPMAN, SILVERBERG & ANIXTER, of Chicago, for appellant.

WALTER A. MYER, of Chicago, for appellee; JULIUS L. KABAKER, of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

The American Sanitary Rag Company, a corporation, filed an amended complaint in two counts in the municipal court of Chicago against United States Hoffman Machinery Corporation. The action arose out of a written contract dated July 10, 1940, under the terms of which plaintiff purchased and defendant sold a rebuilt Troy 54″ & 120″ Nine Pocket Monel Washer for $2,100. The following clauses appear in the contract: "Machine to be free of mechanical defects for one year. . . . There shall be no liability for breach of warranty, express or implied, on the part of the seller if any claim arises by reason of faulty operation of property by the buyer nor unless notice of breach of such warranty is mailed by registered letter to seller within five (5) days of such breach." The first count set forth an election to rescind the contract because of breach of the warranty that the machinery was to be free from mechanical defects for one year and asked judgment in the amount of the purchase price of $2,100. The second count was for damages sustained by reason of the breach. On motion of defendant an order of court required plaintiff to elect as to its remedies and it elected to proceed on the first count, which claimed a rescission of the contract and asked for the return of the purchase price. The second count was thereupon stricken. Answering, defendant admitted the contract, the warranty that the

machine was to be free from mechanical defects for one year, the payment of the sum of $2,100 as the purchase price; that it (defendant)· was advised of mechanical defects and that it received notice of rescission of the contract; denied that plaintiff had a claim; that plaintiff advised defendant that the machine did not comply with the warranty, or that plaintiff was damaged in the sum of $2,100. Defendant further answered that all of the mechanical defects were corrected and adjusted by it to the satisfaction of plaintiff; that such defects were caused by the improper use by the plaintiff of the machine; that the notice of rescission was received on April 2, 1942 and was not delivered within a reasonable time after delivery. The case was tried before the court and a jury, resulting in a verdict finding the issues against defendant with damages of $2,100. A motion by defendant for a directed verdict was reserved. The court overruled defendant's motion for a new trial, but granted defendants motion for a judgment notwithstanding the verdict, and plaintiff prosecutes this appeal.

Plaintiff's theory is that the washer purchased by it was warranted to be free from mechanical defects for one year; that defects became apparent and defendant attempted to repair the machine; that plaintiff at the request of defendant retained the machine until such time as defendant refused to repair it; that the warranty was not one to repair but that the machine was to be free from defects; that plaintiff within a reasonable time rescinded the sale and requested the return of the purchase price. Defendant's theory is that the notice of rescission, dated April 2, 1942, was given one year and nine months after the date of the contract and one year and seven months after delivery of the washer, which notification was not within a reasonable time as a matter of law; that the continuous use of the machine by plaintiff for approximately 16 months was an acceptance and waiver of the right to rescind; that the

notice of rescission was an illegal demand coupled with a request for damages; that the payment of the purchase price of $2,100 by the plaintiff on January 4, 1941, four months after the use of the machine and after knowledge by it of any defects, was an acceptance of the machine and waived its right to rescind; and that the contract required plaintiff to give notice of breach of warranty by registered letter within five days after the breach, which was not done.

Plaintiff conducted its business at 1001 North avenue, Chicago. Defendant's Chicago office was located at 535 S. Franklin street. The machine was to be used for washing dirty wiping rags. The rags are delivered to plaintiff's place of business by rag dealers. Plaintiff sorts the rags and washes them. Plaintiff understood that it was purchasing a rebuilt washer. The machine was delivered and installed on or about September 10, 1940. After the first few weeks the machine began to give plaintiff trouble because of defects such as broken gears and trunions and a leaky dump valve. Between September 21, 1940 and December 18, 1941 defendant made certain repairs. There was testimony by two of plaintiff's agents that each time something went wrong with the machine, defendant's agents told them they would take care of it and to be patient, and on various occasions requested them not to return the machine. Finally, in January 1942 defendant refused to fix the machine. On April 2, 1942 plaintiff wrote a letter to defendant, the concluding paragraph of which reads: "Therefore, we now advise you that we do hereby rescind the said contract and demand that you forthwith return the purchase price of $2,100.00 plus the amount of $4,000.00 to cover damages sustained by reason of the breach of warranty. We are holding the equipment at our plant subject to your direction as to shipment to you or your pick-up." There is testimony on behalf of plaintiff that the machine was properly greased and never overloaded, and on be-

half of defendant that the machine was dry and over-loaded.

It is the law of this State that on a motion by a defendant for a judgment *non obstante veredicto,* the only question preserved for review is, does the evidence on the part of the plaintiff, if taken as true and most favorably considered for him, with all just inferences to be drawn therefrom, make out a *prima facie* case on the part of the plaintiff? The question of the weight of the evidence or the credibility of the witnesses cannot be considered. The burden of proving that the contract was rescinded was on the plaintiff. Plaintiff argues that whether or not the offer to return the machine and to rescind the contract was made in a reasonable time is a question of fact for the jury to be determined in the light of attending circumstances. Plaintiff asserts that it relied upon and was induced by the defendant to hold the machine by the representation of the defendant that the defects would be remedied. Defendant urges that all reasonable men can agree that notice of rescission given April 2, 1942, of the contract entered into in July 1940, was too late. The rule is that if a purchaser desires to rescind a contract of sale and return the article purchased, he must offer it back as soon as he discovers the breach, or after he has had reasonable time for examination, and he waives the right to rescind by continuing to use the article for a longer time than is reasonable for a trial, and must have recourse to his action for damages in a suit for breach of warranty, or as a defense to a suit for the contract price. *Conner v. Borland-Grannis Co.,* 294 Ill. 58, 62. However, where the delay in giving notice of rescission, or in conveying the intent to the seller is caused or induced by the seller, this fact is to be considered by the jury in determining the reasonableness of such notice. *Dorrance · v. Dearborn Power Co.,* 233 Ill. 354, 361; *Sandwich Mfg. Co. v. Kelly,* 26 Ill. App. 394. We agree with plaintiff that the only

real issue presented on the record is whether or not the question as to reasonableness of the time of the rescission in this case is one of law or of fact. There was evidence that constant defects occurred in the machine; that defendant attempted to remedy such defects; that the defendant induced plaintiff to believe that if plaintiff would retain the machine such defects would be corrected, and that after many attempts to correct the defects, defendant stated that it could do nothing more. There is evidence to support plaintiff's position that reliance was placed upon the defendant each time an attempt was made to correct the defects. Finally, the machine was stored in plaintiff's plant and defendant was notified. We are of the opinion that under the facts and circumstances of this case the dispute as to the reasonableness of the notice of rescission presented a question of fact for the jury.

Defendant, citing *Claybourn Corp. v. Cuneo Press,* 27 Fed. Supp. 231, contends that the notice of rescission was an illegal demand. In that case there was a conditional offer to return the presses. The letter of April 2, 1942 in the instant case rescinded the contract and told defendant that the machine was being held subject to its order. There was no condition attached to the statement of rescission. While in the letter plaintiff demanded damages of $4,000 in addition to the purchase price, the demand for this additional sum did not have the effect of weakening the notice of rescission. Defendant stresses the fact that the purchase price was paid four months after the use of the machine and after knowledge by plaintiff of the defects, and that this was an acceptance and waived plaintiff's right to rescind. Such payment under these circumstances tended to support defendant's contention. This testimony undoubtedly was given due consideration by the jury in deciding on the reasonableness of the notice of rescission. There is competent evidence that at the time payment of the purchase price was made the

machine was not satisfactory. It would be entirely consistent for the purchaser to pay for the machine relying on the good faith of the seller in carrying out its warranty. The contract between the parties states that "there shall be no liability for breach of warranty, express or implied, . . . unless notice of breach of such warranty is mailed by registered letter to the seller within five days of such breach." We agree that the evidence shows that defendant waived this formal notice by registered mail. However, it did receive ample notice. Whether notice was waived became a question of fact for the jury. We are of the opinion that the record shows the verdict of the jury was in accordance with the justice of the case.

The judgment of the municipal court of Chicago is reversed and the cause remanded with directions to enter judgment in accordance with the verdict of the jury, with interest from the date such verdict was returned.

*Reversed and remanded with directions.*

KILEY, J., concurs.

HEBEL, P. J., took no part.