Olson Rug Company, Plaintiff-Appellee, v. Marty Smarto and Rose Smarto, Defendants-Appellants.

Gen. No. 49,665.

First District, First Division.

January 25, 1965.

Rehearing denied February 18, 1965.

William V. Barnett and Edward Kolkey, of Chicago, for appellants.

Wayne and LeVine, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an appeal to reverse an order of the Municipal Division of the Circuit Court denying the motion of the defendants, Marty and Rose Smarto, to vacate, or in the alternative, to open up a judgment by confession against them for $276.74, including attorney's fees, which was obtained by the plaintiff, Olson Rug Company. No testimony was taken or evidence considered at the hearing on the defendants' motion.

On March 16, 1962, the defendants entered into a written retail installment contract with Olson Rug Company for the purchase of carpeting for the sum of $450.62, of which $120 was to be the down payment and the balance of $330.62 was to be paid in monthly installments. The instrument executed by defendants provides, in part, as follows:

> It is agreed . . . in the event of any default of payment or breach of contract by the buyer, OLSON RUG COMPANY, may at its election and without notice declare the entire unpaid balance of the purchase price immediately due, and in event of such default buyer agrees to reimburse the seller for bond premiums, court costs and reasonable attorney's fees in the event OLSON RUG COMPANY employs any attorney-at-law to preserve or enforce its rights hereunder. And to

secure the payment of said price, the undersigned, and each of them, does hereby authorize, irrevocably, any attorney of any court of record, to appear for the undersigned, or any of them, in such court, in term time or vacation at any time after default, and confess a judgment, without process, in favor of OLSON RUG CO. for such amount as may appear to be then unpaid, together with costs and twenty per centum of such amount as attorneys fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof . . . THIS CONTRACT EMBODIES ALL STATEMENTS AND REPRESENTATIONS BINDING ON THE PARTIES HERETO, AND SHALL NOT BE MODIFIED EXCEPT IN WRITING, EXECUTED WITH THE SAME FORMALITIES AS THIS INSTRUMENT.

The defendants contend that the judgment which was confessed against them and in favor of the plaintiff, pursuant to this agreement, should be vacated because, in the statement of claim and in the cognovit, the document relied on as the basis for confession of judgment was incorrectly characterized as a note rather than a retail installment contract. The defendants' argument is that it is error to confess on a note when it in fact is a contract.

While the defendants correctly cite Lescher Bldg. Service, Inc. v. Prairie Mills, Inc., 28 Ill App2d 442, 171 NE2d 602, for the proposition that the authority to confess judgment must be clear and explicit and must be strictly pursued, that case does not support the defendants' contention here. There it was

350

held that it was proper for the trial judge to correct a confessed judgment by deducting the amount of attorney's fees where the warrant of attorney did not authorize confession of judgment for the amount of the attorney's fees until after default on the note and where the note was not in fact in default. Elaborated Ready Roofing Co. v. Hunter, 262 Ill App 380, which is relied on by the defendants, does not support their argument. In that case, a judgment was entered on what was claimed to be a promissory note, which was in fact only an order by the defendant to plaintiff to make repairs on the defendant's property, for which he agreed to pay a sum of money provided the work was satisfactorily performed as indicated by the defendant's written approval. Although the court said that the plaintiff ought not be permitted, under the guise of an order to repair, to claim that the document is a promissory note on which a judgment might be confessed, the opinion of the court turned primarily on the equitable circumstances which the court held to be the controlling factor.

██ From our reading of the statement of claim, in the instant case, it appears that the plaintiff inadvertently failed to delete the words "promissory note" from the printed part of the statement-of-claim form furnished by the Municipal Court and to delete the word "note" from the printed part of the cognovit and to substitute the word "contract" in both documents. Nonetheless it is plain to see that the claim was, in fact, based on the attached contract and power to confess and not on a note. On a motion to vacate a judgment entered by confession, the question is not whether the judgment shall be set aside for errors of law, but whether there are equitable reasons why it should be opened up to let in a defense. Mumford v. Tolman, 157 Ill 258, 41 NE 617; Moyses v.

351

Schendorf, 238 Ill 232, 87 NE 401; Barrow v. Phillips, 250 Ill App 587. In the Mumford case a variance was claimed because the note read in part "Chicago, October 1, 1892.—on demand, after date" whereas the declaration setting out the note used the language "on demand I promise to pay" omitting the words "after date." In affirming a judgment overruling a motion to vacate a confessed judgment, the court made the following statement which we think is equally applicable here. The court said at page 264: "to set aside the judgment in this case because of the variance insisted upon, would not only be to ignore all rules of equity, but trifling with justice. What possible injury has appellant suffered by the so-called variance?"

In addition, the defendants contend that, by their timely motion and amended affidavit in support of their motion, they set forth a prima facie meritorious defense to plaintiff's claim and therefore it was the duty of the trial judge to open up the confessed judgment and conduct a hearing on the defense. At the time the trial judge entered the order denying the motion to vacate or open up the judgment, he stated that under Municipal Court Rule 2, § 23, he would give the defendants leave to file a counterclaim for an amount which defendants, in their motion to vacate, alleged to be $220. Defendants' attorney refused and stood on his motion to vacate or open up. We therefore summarize the affidavit in support of the motion.

The defendants alleged that they signed the retail installment contract only after they had been assured by plaintiff that the color in the carpeting would not fade, and that the carpeting would withstand the use for which it was purchased and would fit the purpose for which it was intended. The defendants

352

averred that within two weeks after delivery and installation they notified the plaintiff that the original color could no longer be recognized; that the nap did not return to its original condition; and that two weeks later they notified plaintiff's agent to take the carpeting back, but he refused to do so.

In this case the defendants do not contend that they returned the carpeting. The record shows that they filed their motion to vacate and open up the judgment more than one year after the carpeting was installed in their home and that at that time they were still using the carpeting. This fact is necessarily implied in their amended affidavit in which they alleged that the "carpeting represents an eyesore and a detraction from the general appearance of the household and should be removed from said premises by the plaintiff."

■■ A motion to open or vacate a judgment by confession is addressed to the court's sound legal discretion and, unless an abuse of that discretion is shown, the court's action will not be disturbed. Pirie v. Carroll, 28 Ill App2d 181, 171 NE2d 99, citing with approval 23 ILP, Judgments, Sec 195 and Vella v. Pour, 329 Ill App 355, 68 NE2d 631.

■ In our opinion the court could have properly found from the record that the defendants did not act diligently when they sought to rescind the contract because of their continued use of the carpeting for so long a time after the alleged defects were discovered, and hence have no meritorious defense on which to base their motion to open up the judgment. A buyer must rescind a sale contract and return, or offer to return, the goods as soon as he discovers the breach or after he had had reasonable time for examination; he waives such right, however, by continuing to use the goods for more than a reasonable

time. Conner v. Borland-Grannis Co., 294 Ill 58, 128 NE 317; Geneva Organ Co. v. Ambassador Theatres Corp., 249 Ill App 390.

The order of the Municipal Division of the Circuit Court is affirmed.

Affirmed.

MURPHY and KLUCZYNSKI, JJ., concur.