JOHN SCHULTZ, Plaintiff-Appellee, *v.* GEORGE GIGNAC, Defendant-Appellant.—(JAMES E. MICHAELS, Defendant.)

First District (4th Division)    No. 80-857

Opinion filed March 19, 1981.

James J. Reagan and Stephen C. Tennant. both of Northbrook, for appellant.

George W. Jones and Kenneth N. Adamson, both of Schumacher, Jones, Vallely, Kelly & Olson, of Chicago, for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff, John Schultz, obtained a judgment by confession in the amount of $16,000 on a promissory note signed by defendants, George Gignac and James Michaels. This judgment was confirmed as to defendant Gignac only. Defendant Gignac appeals from an order of the circuit court, denying his motion to open the aforesaid judgment. He maintains that the trial court erred in denying his motion to open the judgment by confession in that the court failed to properly consider certain affidavits by competent witnesses and the exhibits attached thereto and that it incorrectly struck his affidavit.

Prior to March 19, 1979, plaintiff allegedly entered into a partnership agreement with defendants, Gignac and James Michaels. Pursuant to the formation of this partnership and at the behest of defendant Gignac, plaintiff made a loan of $16,000 and took in return a promissory note in the same amount. This note provided that judgment by confession could be had at any time after maturity, which was July 19, 1979. The note further provided:

"If this instrument is signed by more than one person, all obligations and authorizations hereunder shall be joint and several. All parties hereto severally waive presentment for payment, notice of dishonor and protest."

This note was signed in the lower righthand corner by defendants Gignac and Michaels.

Judgment on this note was confessed on August 24, 1979, against both defendants in the amount of $16,945.49. Summons to confirm the judgment by confession was then issued against both defendants. Allegedly, on October 9, 1979, defendant Michaels filed a voluntary petition in bankruptcy in the United States District Court, Northern District of Illinois, Eastern Division.[1] On December 13, 1979, defendant Gignac filed an amended answer to plaintiff's confirmation petition. This amended answer stated that Gignac signed the promissory note in question; that he signed this document only in the capacity of a witness to the signature of James Michaels and not as a co-maker or guarantor; that he received no portion of the $16,000 which was the subject matter of the note; and that he made no agreement with either plaintiff or James Michaels to be responsible for payment of said note. However, on the same date, the trial court entered an order confirming the judgment against defendant Gignac in the amount of $11,922.79.[2]

On January 29, 1980, defendant Gignac filed a motion to vacate the December 13 confirmation.[3] This motion contained the affidavits of defendants Gignac and James Michaels. Gignac's affidavit alleged that plaintiff was his cousin; that he, plaintiff and James Michaels had entered into a prior partnership agreement; that, pursuant to these dealings, he sought a loan for Michaels from plaintiff for Michaels' other business ventures; that plaintiff loaned to Michaels the sum of $16,945.49 on or about March 19, 1979, and such monies were paid over to James Michaels; that, subsequent to this, James Michaels paid plaintiff the sum of $4,800 as

---

[1] On November 20, 1979, plaintiff filed a complaint for determination of dischargeability of debt in the aforesaid bankruptcy action, alleging fraud on the part of defendant Michaels and moving for a judgment that would determine that defendant Michaels' indebtedness to plaintiff was nondischargeable. Allegedly, on June 11, 1980, the United States District Court found the debt to be nondischargeable.

[2] It was established that the sum of $4,850 had been paid on the note. The amount of $11,922.79 represented the balance due on the note after allowing credit to defendant for payment of the $4,850 plus appropriate adjustments and interest.

[3] It may seem inappropriate to consider defendant's contentions, regarding his motion to open judgment by confession, since that motion was probably untimely in that it was filed in excess of 30 days after the judgment was confirmed. (See Ill. Rev. Stat. 1979, ch. 110, par. 68.3.) However, as hereinafter discussed, we have decided to treat the motion to open as an independent request for relief brought pursuant to Supreme Court Rule 276 (Ill. Rev. Stat. 1979, ch. 110A, par. 276).

repayment of part of this loan; that he signed a promissory note dated March 19, 1979, as a witness to James Michaels' signature and not as a maker of said note; that, on October 9, 1979, James Michaels filed voluntary bankruptcy; and that plaintiff has filed a complaint for determination of dischargeability, claiming fraud against James Michaels. Michaels' affidavit stated that, in the present matter, he had never been served with summons, although he had been listed as a defendant; that he borrowed $16,000 from plaintiff on March 19, 1979, which was due July 19, 1979; that he repaid plaintiff the sum of $4,800; that George Gignac did not sign the note dated March 19, 1979, as a maker, but only as a witness to Michaels' signature; that George Gignac never agreed to repay the loan; that George Gignac only arranged the loan; and that he had filed for voluntary bankruptcy. On January 29, 1980, defendant Gignac filed a proposed verified amended answer, which reasserted the allegations contained in the aforementioned affidavit. After considering written and oral argument on the matter, the trial court denied defendant Gignac's motion to open the judgment by confession.

In entering this order, the court made the following findings regarding defendant's affidavit: that the statement which alleged that George Gignac signed the promissory note as a witness and not as a maker was conclusionary from a legal standpoint, and therefore, had to be stricken; that the statement which alleged that defendant Michaels had filed voluntary bankruptcy on October 9, 1979, was not sworn to under oath and referred to pleadings filed in another cause of action, and, consequently, also had to be stricken; that the affidavit failed to allege that no money was owed; and that the affidavit failed to allege any lack of consideration. For these reasons, the trial court struck defendant Gignac's affidavit.

As stated above, defendant Gignac contends that the trial court erred in denying his motion to open the judgment by confession in that it improperly struck his affidavit, it failed to consider the affidavit of James Michaels, and it failed to consider the exhibits attached to the motion. Defendant Gignac also maintains that his motion to open the judgment by confession sets forth sufficient factual allegations to constitute a meritorious defense, and therefore, he is entitled to be heard on that defense against an action to confess judgment. We cannot agree with these contentions.

■■ It is well established that a motion to open or vacate a judgment by confession is addressed to the court's sound legal discretion and, unless an abuse of that discretion is evident, the court's action will not be disturbed on review. (*Olson Rug Co. v. Smarto* (1965), 55 Ill. App. 2d 348, 353, 204 N.E.2d 838.) After having carefully examined the record on appeal, we

are of the opinion that the trial court acted properly in denying defendant's motion to open the judgment by confession since defendant failed to assert any additional material facts in that motion.[4]

■■ We base this conclusion on the fact that, in defendant's affidavit in response to plaintiff's confirmation action, he maintained that he signed the aforesaid promissory note only in the capacity of a witness and not as a co-maker or guarantor; that he received no portion of the $16,00; and that he made no agreement with either plaintiff or James Michaels to be responsible for payment of the said note. Defendant Gignac merely reasserted these contentions in his affidavit in support of his motion to open the judgment by confession.

In *City-Wide Realty Co. v. Fryer* (1979), 70 Ill. App. 3d 649, 654, 388 N.E.2d 980, this court indicated that a defendant should be allowed to plead in response to a plaintiff's confirmation of judgment by confession regardless of whether or not the defendant chooses subsequently to proceed under Supreme Court Rule 276 (Ill. Rev. Stat. 1979, ch. 110A, par. 276) in an attempt to open such judgment by confession. However, *City-Wide Realty Co. v. Fryer* involved confirmation proceedings that were brought under section 12 of the wage deduction act (Ill. Rev. Stat. 1979, ch. 62, par. 82), requiring a trial *de novo* and allowing for the immediate filing of a responsive pleading. In *Lyons Bros. Lumber & Fuel Co. v. Shepherd* (1980), 81 Ill. App. 3d 213, 218-19, 400 N.E.2d 975, confirmation proceedings were required in a non-wage-deduction setting, not by statute but by the due process clauses of the United States and Illinois Constitutions. (See generally *Scott v. Danaher* (N.D. Ill. 1972), 343 F. Supp. 1272, 1274-78.) In addition, defendant in that case elected to proceed pursuant to plaintiff's confirmation of judgment by confession. Under such circumstances, this court held that defendant was bound by his election to proceed under Supreme Court Rule 276.

Whether we analyze the present situation under *City-Wide Realty Co. v. Fryer*, which seems to suggest that defendant can both respond to a confirmation proceeding and then go on and file a motion pursuant to Rule 276, or under *Lyons Bros. Lumber & Fuel Co. v. Shepherd*, which seems to indicate that defendant is bound by his election to proceed under one of the other remedies, the result is the same in view of the fact that defendant Gignac failed to allege any new material facts in his

---

[4] More than 30 days elapsed from the trial court's confirmation of the judgment by confession on December 13, 1979, until January 29, 1980, when defendant filed his motion to vacate. Defendant failed to take an appeal from the order, granting plaintiff's request for confirmation. Since the judgment by confession became final 30 days after it was confirmed, defendant should be estopped, in this appeal, from raising the same allegations that were urged in response to plaintiff's confirmation proceeding.

motion made pursuant to Supreme Court Rule 276. It is true that the affidavit in support of the motion to open the judgment by confession alleged for the first time that the sum of $4,800 had been repaid to plaintiff. However, this repayment was taken into account at the confirmation hearing, and the judgment was confirmed only as to that amount actually due and owing on December 13, 1979. It is also true that the aforesaid affidavit mentioned for the first time the voluntary bankruptcy petition filed by Michaels and that, in response thereto, plaintiff had filed a complaint for determination of dischargeability of debt, which alleged fraud on the part of Michaels. However, we feel the fact that Michaels may have committed fraud in his dealings with plaintiff or that he breached a fiduciary duty to plaintiff would not relieve defendant Gignac of his responsibility as a co-signer of the note. See Ill. Rev. Stat. 1979, ch. 26, pars. 3—118(e), 3—402.

Moreover, after having carefully examined the record, we can find no evidence which indicates that the trial court failed to consider the affidavit by Michaels or the exhibits produced in support of the motion to open the judgment by confession. However, the court's order, striking defendant Gignac's affidavit, was in error. (See generally *Ritz v. Karstenson* (1976), 39 Ill. App. 3d 877, 880, 350 N.E.2d 870.) Nonetheless, he was not prejudiced by this order since, as stated above, his motion to open failed to allege any new material facts not of record.

The judgment of the circuit court of Cook County is therefore affirmed.


Affirmed.


ROMITI, P. J., and JOHNSON, J., concur.