COLONIAL BANK & TRUST CO., Plaintiff-Appellant, *v.* BARBARA KOZLOWSKI *et al.*, Defendants-Appellees.—(CHESTER L. RINGENBERG *et al.*, Third-Party Plaintiffs, *v.* COLONIAL BANK & TRUST CO. *et al.*, Third-Party Defendants.)

First District (3rd Division)    No. 80-2421

Opinion filed May 5, 1982.

Stephen Sonderby, of Chicago, for appellant.

Dalton P. Grief, of Chicago, for appellees.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

This is an appeal from a judgment entered after a bench trial for defendants, Margaret and Chester Ringenberg (Ringenbergs), who, as guarantors of a promissory note, were sued by plaintiff, Colonial Bank and Trust Company (Colonial).

These are the facts developed at trial. In response to a newspaper advertisement, the Ringenbergs, along with their niece, Barbara Kozlowski, called on Ron D. Manley, an agent of Big Top Popcorn, Inc. (Big Top), concerning an investment in that company. After meeting with Manley and his lawyer, the Ringenbergs decided to invest in a popcorn kiosk at Old Chicago, an amusement park and shopping center in a

suburb of Chicago. The total cost of the investment was $20,000: $6,000 to be contributed by the Ringenbergs; $3,000 by Kozlowski, and the remaining $11,000 to be obtained by a bank loan. Manley suggested that defendants visit Colonial Bank and meet with his friend, Mr. Christman, for the purpose of securing a loan. They met at the bank on May 30, 1975. At this meeting the note which is the subject matter of this suit was executed by Ms. Kozlowski and signed on the reverse side by the Ringenbergs as guarantors.

The proceeds of the bank loan in the form of a check in the sum of $11,000 were turned over to Ms. Kozlowski. The check was taken to Mr. Manley's office by Ms. Kozlowski and given to him. In return for their investment and the loan proceeds, the Ringenbergs were each given by Mr. Manley certificates for 33 1/3 percent of the stock of a corporation called "Cotton Candy and Slush Kiosk No. 134." The business opened and operated profitably until approximately September of 1975. The money received from the business was turned over to Mr. Manley and a salary was paid to Barbara Kozlowski and to Margaret Ringenberg. In January of 1976, Mr. Manley "ran off with the money." Approximately 15 payments were made on the note up until February 1977, when the payments stopped. The language of the guaranty of the note expressly waives presentment, protests, demand, notice of dishonor or default and notice of acceptance of the guaranty.

On August 31, 1977, Colonial filed a complaint for a confession of judgment against the Ringenbergs, and a judgment was entered in the sum of $11,419.01. The Ringenbergs presented a motion to the circuit court of Cook County to open the judgment and in support thereof attached an affidavit and a verified answer to Colonial's complaint. The affidavit in support of the motion to open judgment raises the issue of misrepresentation by an agent of the plaintiff, Colonial, and further alleges that the misrepresentations were relied upon and caused the Ringenbergs to act to their detriment. The court ordered the judgment opened and granted the Ringenbergs leave to appear and defend on the judgment and leave to file a third-party complaint. The third-party complaint set forth allegations that the representations of Christman as an agent of Colonial Bank and Trust Company caused the Ringenbergs to be defrauded of $9,000 of their personal funds.

After a hearing the trial court held that the guaranty was "improperly obtained" and vacated Colonial's judgment against the Ringenbergs but found that the allegations in their third-party complaint had not been proved and denied the Ringenbergs recovery thereunder. Colonial appeals from that portion of the trial court's order denying it recovery under the guaranty.

# I

■■ ■ Colonial first contends that the trial court erred in opening the judgment by confession because the Ringenbergs' motion and affidavit failed to disclose a *prima facie* defense. Under Supreme Court Rule 276 (Ill. Rev. Stat. 1977, ch. 110A, par. 276), a judgment by confession may be opened if the moving party has established by his motion, affidavit, and verified answer, a *prima facie* defense on the merits to the plaintiff's demand. (*Lyons Brothers Lumber & Fuel Co. v. Shepherd* (1980), 81 Ill. App. 3d 213, 216, 400 N.E.2d 975.) In determining whether allegations of a meritorious defense have been presented, the court must accept as true those facts asserted by defendants in their affidavits. (*Malone v. Marks* (1977), 55 Ill. App. 3d 846, 849, 371 N.E.2d 204.) Fraud in the inducement is a valid defense to an action on a note. *Shanahan v. Schindler* (1978), 63 Ill. App. 3d 82, 379 N.E.2d 1307; see *Melvin State Bank v. Crowe* (1968), 97 Ill. App. 2d 82, 239 N.E.2d 483.

■■ The Ringenbergs rely on the affirmative defense of fraud. To establish fraud it must be alleged and proved that:

> "* * * the statement made was of a material fact and not opinion; it must be untrue; the party making the statement must know or believe it to be untrue; the person to whom the statement is made must believe and rely on it, and have a right to do so; it must have been made for the purpose of inducing the other party to act; and the reliance by the person to whom the statement is made must lead to his injury." *Forrester v. State Bank* (1977), 52 Ill. App. 3d 34, 39, 363 N.E.2d 904, quoting *Davis v. Nehf* (1973), 14 Ill. App. 3d 318, 325, 302 N.E.2d 382.

■■ Applying these principles to the case at bar, we find that the Ringenbergs' affidavit does state a *prima facie* defense of fraud. In their affidavit the Ringenbergs set forth the following allegations: (1) that Christman was an officer of Colonial; (2) that Christman represented to defendants that Colonial was an investor in "Cotton Candy and Slush Kiosk No. 134, Inc."; (3) that Colonial had such confidence in said corporation that it would be willing to loan $11,000 to defendants without security; (4) that in reliance on these representations, defendants signed as guarantors of a note drafted by Colonial; and (5) that subsequent to defendants' assuming control of "Cotton Candy and Slush Kiosk No. 134, Inc.," Big Top assumed control of the assets of said corporation and Mr. Manley removed all of the funds of said corporation.

Colonial contends that the Ringenbergs' affidavit is insufficient because it does not expressly charge fraud. However, even though conduct is not expressly labeled "fraudulent," fraud is well pleaded if the

facts alleged constitute or necessarily imply fraud. (*Lincolnland Properties, Inc. v. Butterworth Apartments, Inc.* (1978), 65 Ill. App. 3d 907, 911, 382 N.E.2d 1250.) Here, the Ringenbergs' affidavit alleges conduct which, if proved at trial, constitutes fraud. The allegations regarding Christman's position at the bank, the bank's involvement and confidence in Big Top, and the Ringenbergs' detrimental reliance thereupon are sufficient to establish a *prima facie* cause of fraud. See *Forrester v. State Bank* (1977), 52 Ill. App. 3d 34, 40.

■■ Colonial additionally argues that the trial court erred when it vacated the judgment and denied Colonial recovery under the note. We do not agree. The evidence at trial established that Christman was an officer at Colonial. Furthermore, when the Ringenbergs met with Christman, he told them that Colonial was investing in Big Top and that such an investment was a "sure thing." However, contrary to these representations, Colonial had not made any investment in Big Top nor in any other business sponsored by Manley. We are of the opinion that Christman's representations regarding Colonial's involvement and confidence in Big Top were misrepresentations of material fact calculated to disarm the Ringenbergs and induce them into signing as guarantors of the note. Furthermore, because of Christman's position as a loan officer at Colonial, the Ringenbergs were justified in relying upon his representations when making their decision to sign the guaranty. Therefore, the Ringenbergs adequately proved that Colonial fraudulently obtained their signature on the guaranty. Accordingly, we find that the trial court properly exercised its discretion in vacating Colonial's judgment for recovery under the guaranty and we will not disturb that decision on review. *Schultz v. Gignac* (1981), 94 Ill. App. 3d 399, 402, 418 N.E.2d 991.

## II

■■ Colonial next contends that the trial court's order granting the Ringenbergs leave to appear and defend on the confessed judgment was error because their answer to plaintiff's complaint for confession of judgment failed to raise any affirmative matter in defense. However, as long as defendant has substantially complied with Supreme Court Rule 276 by disclosing a *prima facie* case, even the absence of a verified answer would not be fatal to defendant's cause. (*Turner v. Smiley* (1972), 8 Ill. App. 3d 388, 390, 291 N.E.2d 27.) Here, although the Ringenbergs were relying on the affirmative defense of fraud, they did not allege it in their answer. Their affidavit, however, did establish a *prima facie* defense of fraud. Accordingly, the Ringenbergs have substantially complied with Supreme Court Rule 276, and the trial court's order opening and vacating Colonial's confessed judgment was not erroneous.

### III

In addition to appearing and defending on the confessed judgment, the Ringenbergs filed a third-party complaint in which they alleged that the same misrepresentations that caused them to sign the guaranty also induced them to invest $9,000 of their personal funds in "Cotton Candy and Slush Kiosk No. 134." After hearing all the evidence the trial court found that the Ringenbergs failed to prove their third-party complaint. Colonial contends that the trial court's order in favor of the Ringenbergs under the guaranty but against them on their third-party complaint was so inconsistent as to require reversal. Colonial argues that when the trial court found that the Ringenbergs failed to prove the allegations of fraud in the third-party complaint, it should have also found that they failed to prove fraud as a defense under the guaranty. We do not agree.

■■ As discussed above, the Ringenbergs proved that the misrepresentations of Christman induced them to sign as guarantors of the note. However, the Ringenbergs' allegations that these same misrepresentations induced them to invest $9,000 of their personal funds in "Cotton Candy and Slush Kiosk No. 134" are not supported by any facts in the record. Indeed, the record reveals that they decided to invest their personal funds before they ever met with Christman. As a result, the Ringenbergs failed to prove their reliance upon Christman's misrepresentations when investing $9,000 of their personal funds. It is well settled that fraud must be proved by clear and convincing evidence as to each of its elements. (*Zeilenga v. Stelle Industries, Inc.* (1977), 52 Ill. App. 3d 753, 757, 367 N.E.2d 1347; *Western Land Corp. v. Lichtenstein* (1977), 47 Ill. App. 3d 233, 239, 361 N.E.2d 730.) Here, because the Ringenbergs failed to prove reliance in regard to the allegations in the third-party complaint, the court properly denied them recovery thereunder. This decision is neither incorrect nor inconsistent with the court's judgment in favor of the Ringenbergs under the guaranty where they did prove reliance. Accordingly, we uphold the trial court's decision.

For the aforementioned reasons we affirm the decision of the circuit court of Cook County.

Affirmed.

McNAMARA and RIZZI, JJ., concur.