## O. F. Peterson, Appellant, v. J. A. Emery, Appellee.

### Gen. No. 5295.

1. NEGOTIABLE INSTRUMENTS—*burden to show bona fides of transfer.* The assignee of a negotiable instrument before maturity is deemed *prima facie* to be a holder in due course; the burden of proof to show the contrary is upon the party alleging it.

2. NEGOTIABLE INSTRUMENTS—*what does not charge assignee with notice of equities.* To constitute a notice of infirmity in a negotiable instrument, the person to whom it is negotiated must have had actual notice of the infirmity or defect or knowledge of such facts that his knowledge in taking the instrument amounted to bad faith.

3. ALTERATION OF INSTRUMENTS—*how question determined. Held,* error for the court to instruct the jury to determine the fact of whether an unauthorized alteration had been made from an inspection of the instrument itself; such question should be determined by the jury from such inspection and from all the evidence in the cause.

Action commenced before justice of the peace. Appeal from the Circuit Court of Lake county; the Hon. D. L. JONES, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed March 11, 1910.

CHARLES E. LAUDER, for appellant; CHARLES H. KING, of counsel.

COOKE, POPE & POPE, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

O. F. Peterson brought suit before a justice of the peace against J. A. Emery to recover $40. The case was appealed from the justice of the peace to the County Court. In the County Court there was a verdict and judgment for the defendant, and the plaintiff appeals.

The suit was brought upon an instrument in writing, in the following words:
"$40.00

    December 23—1907
I Promise to Pay
to F. D. Lee or bearer 20 January 1908
Forty Dollars
for value received.

        JOHN A. EMERY."

It is written with an indelible lead pencil, on a piece of paper about five inches by three, said to have been torn out of a memorandum book, and was indorsed by the payee. The plaintiff sues as indorsee. The appellee presented several defenses: (1) that the instrument was procured by fraud and circumvention; (2) that the instrument was not a negotiable instrument when executed by him, but that the note had been materially altered without his knowledge or consent by the insertion of the words, "or bearer" since its delivery; (3) that the indorsee was not the holder in due course; (4) that there was no consideration for it.

The record shows the note was given under the following circumstances. The payee of the note traded a tombstone valued at $110 to appellee for a horse valued at $90 and $20 in cash. There is evidence tending to show that there was a written warranty given as to the horse and that, after the payee received the horse, he discovered the horse was not as warranted but was older than described in the warranty and would run away and kick, and that the appellee and the payee afterwards met, and that the payee gave the note to settle their differences. The appellee contends, however, that he gave the note to the payee on an agreement that the payee was to sell the horse for not less than $100 and then return $10 and the note to the payee, and if the payee could not sell the horse for $100 he was to return the horse to the payee, who would sell the horse and pay to the payee $90 and re-

ceive his note back. On the statement of appellee it is
difficult, however, to see why he gave the note, as under
his statement he never was to pay anything on it.
There is no proof whatever in the record that the in-
strument was procured by fraud and circumvention.
The court instructed the jury in the second instruction
given at the request of appellee that "if you find from
the evidence that the said Lee obtained the note in ques-
tion under such circumstances as amount to a fraud
or when he negotiated it, if you find that he did, he did
so in breach of faith, then you should find for the de-
fendant." The fraud that will defeat a note in the
hands of an indorsee in due course is fraud and cir-
cumvention; that is some trick whereby the signature
of the maker is obtained to a promissory note when
he does not know that he is signing a note. The maker
of the note in this case admits that he knew that he
was signing a note, and it was error to give this in-
struction, because there was no evidence to base it
upon.

The evidence introduced by the appellee that the ap-
pellant was not the holder in due course before ma-
turity was an affidavit, made by the appellant October
10, 1908, for a continuance in the County Court, in
which the appellant stated that the payee was a ma-
terial witness and that if he was present he would
testify, that he sold said note for a valuable considera-
tion to appellant on the 25th of January, 1908; and the
evidence of appellee that on the evening of the twenti-
eth day of January—the day the note became due—
the payee saw the appellee and demanded payment on
the note; that appellee told the payee he had not done
as he agreed and he would not pay it and that he told
appellee that if he did not pay it, he would sue him.
Appellant attempted to explain the affidavit by testi-
fying that he did not read it, and that he intended to
state December 25 or about then as the day the payee
would testify the note was indorsed to him. Appellant

also testified that about the time the note became due he handed it to the payee to collect for appellant.

The maker of the note testified that the words, "or bearer" were not in it when he executed it and the same were never inserted with his consent. The payee was not a witness, but a son of the payee testified that he could not say for sure that the words "or bearer" were written when the balance of the note was written, but that he read the note when Emery had signed it, and does not think there are any words there that were not there at the time the note was signed, and that the note was indorsed to appellant the day after Christmas, 1907. It was a question of fact for the jury to say under this testimony whether the note had been altered since its delivery.

Appellant testified that the note was indorsed the day after Christmas, 1907, and the words "or bearer" were there when he got it. To render an instrument negotiable it "must be payable to the order of a specified person or to bearer." Par. 4, sec. 1, of the Negotiable Instrument Act; Session Laws 1907, page 403. Section 8 of the Negotiable Instrument Act defines an instrument payable to order: "The instrument is payable to order where it is drawn payable to the order of a specified person or to him or his order." If the instrument when executed was "I promise to pay to F. D. Lee" without being payable to his order or to bearer it was non-negotiable, but yet a suit could be maintained on it in the name of the holder under section 18 of the Practice Act. There being a conflict in the evidence as to whether the words "or bearer" were in it when executed, we express no opinion as to whether the instrument was negotiable or non-negotiable, that being a question of fact for the jury under proper instructions.

If the words "or bearer" were not in the instrument when it was signed and delivered then it was non-negotiable and was subject in the hands of appellant to any defenses that the maker had against the note,

if the suit had been brought by the payee. If the in-
strument was negotiable when delivered then the law
presumes that it was indorsed in due course before
maturity, and that the indorsee had no notice of any
infirmity in the instrument and that he took it in good
faith and for value. Sec. 52, Neg. Inst. Act. The
fourth instruction given on the part of appellee re-
quired the plaintiff to prove by a preponderance of the
evidence that the note was assigned to him in due
course for a valuable consideration without notice of
any defense. The holder of a negotiable instrument
is deemed prima facie to be a holder in due course.
Sec. 59 of Neg. Inst. Act. The instruction erroneously
places the burden upon appellant of proving that he
was a holder in due course.

The seventh instruction told the jury that if the con-
sideration of the note had failed then they should find
for the defendant unless they find from the evidence
the appellant purchased the same before due. The law
is that before the defense of failure of consideration
could be sustained the jury must believe from a pre-
ponderance of the evidence either that the appellant
purchased the same after the note became due or that
the appellant purchased the same in bad faith and that
there was a failure of consideration.

Instruction number six tells the jury that if they
believe from the evidence that the plaintiff before he
purchased the note as an ordinarily prudent man had
reason to believe from the circumstances brought to
his knowledge before he purchased it, that the defend-
ant claimed to have a defense to the note, that the
plaintiff is not an innocent holder thereof. This is in
conflict with section 56 of the Negotiable Instrument
Act, which provides, that to constitute a notice of in-
firmity in an instrument the person to whom it is ne-
gotiated must have had actual notice of the infirmity
or defect, or knowledge of such facts that his knowl-
edge in taking the instrument amounted to bad faith.

The tenth instruction told the jury that if they find

from the evidence that the words ''or bearer'' were interlined after it had been signed ''then before the plaintiff can recover.he must show by a preponderance of the evidence that said words were so interlined or written in by and with the assent of the defendant, and in determining the question as to whether said words were so written in or interlined you are at liberty to inspect said note and determine from said inspection alone in the absence of other satisfactory evidence.'' The question whether there had been in fact an alteration is one for the jury to determine from the instrument in connection with the explanatory evidence introduced by the parties, and it was error to submit the question to the jury to determine from a mere inspection of the paper itself. 1 Encyc. of Ev. 822. The court should not have told the jury to ignore other evidence even if it was not satisfactory.

Where a negotiable instrument has blemishes upon it, the burden of proof that the blemish was on it when it was executed is on the holder, and the jury in determining that question should consider all the evidence in the case bearing upon that question. 2 Am. & Eng. Encyc. of Law, 272, 2d ed. The ninth instruction is subject to the same criticism as the tenth. Because of the errors in the instruction given at the request of appellee the judgment is reversed and the cause remanded.

*Reversed and remanded.*