**J. K. Harris, Trading as J. K. Harris and Company, Appellee, v. Benj. A. Bernfeld, Trading as Central Electrical Sign System, Appellant.**

**Gen. No. 32,639.**

Opinion filed December 19, 1928. Rehearing denied January 2, 1929.

MARTIN M. GROSS, for appellant.

HAROLD L. FEIGENHOLTZ, for appellee.

MR. JUSTICE RYNER delivered the opinion of the court.

The plaintiff obtained a judgment by confession against the defendant in the municipal court of Chicago. The judgment was entered December 8, 1927, and was for the sum of $1,218.75. This amount represented the aggregate face value of 39 small checks and an attorney's fee of $125. On December 27, 1927, the defendant filed his verified petition praying that the judgment be vacated and set aside. The prayer of the petition was denied and the defendant has perfected this appeal to have reviewed the action of the court in refusing to vacate the judgment.

Four out of the 39 checks bore the dates November 12, 1927, November 19, 1927, November 26, 1927, and December 3, 1927, respectively. The remaining checks all bore dates subsequent to the date of the entry of the judgment, the last being dated July 30, 1928. The checks were identical in wording except the dates and amounts. The Lawrence Upholstering & Furniture Shop, Inc., was the maker of all the checks,

and each was drawn on the Second Citizens State Bank, and made payable to the order of the defendant. On the reverse side of each check appeared the following:

"For value received, the undersigned hereby guarantee the prompt payment of this note at maturity or at any time thereafter waiving demand protest and notice of protest or non-payment and hereby authorize irrevocably any attorney of any court of record to appear for me or us in such court, in term time or vacation, at any time hereafter and confess a judgment for the face amount, of this note or for such amount as may appear to be unpaid thereon, together with costs and reasonable attorney's fees without process in favor of the holder of this note and to waive and release all errors which may intervene in any such proceedings and consent to immediate execution upon such judgment hereby ratifying and confirming all that my or our attorney may do by virtue hereof. Benj. A. Bernfeld."

In his petition to vacate the judgment, the defendant says that he had no knowledge prior to December 15, 1927, of the entry of the judgment; that he sold the checks to the plaintiff for the sum of $900; that the plaintiff agreed to use all possible diligence in the collection of the checks from the maker; that he, the defendant, agreed to guarantee the payment of the checks at maturity, but did not know, until after the judgment had been entered, that he had executed a power of attorney to confess judgment; that there was due only the sum of $118.75 from the maker of the checks, and that the guaranty and power of attorney did not warrant the taking of judgment for any larger amount.

The defendant urges as one ground for reversal of the judgment that the transaction was usurious. In his petition to vacate the judgment, however, he wholly failed to apprise the court that he intended to rely

upon this as a defense, or partial defense. The defense of usury, under our statute, must be specially pleaded, and it may be waived. The petition charged simply that the defendant sold to the plaintiff checks of the aggregate face value of $1,093.75 for $900, and that the defendant was "not indebted to the plaintiff in the sum of $1,218.75, or any sum thereof." It cannot be said that these allegations were sufficient to advise the court whether the defense of usury was relied upon or waived.

Some point is made of the fact that the defendant did not indorse the checks. Even if the signing of the guaranty and the power of attorney to confess judgment did not constitute an indorsement in the sense used by counsel for defendant, section 49 of our act on Negotiable Instruments, Cahill's St. ch. 98, ¶ 69, provides that "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transferer vests in the transferee such title as the transferee had therein."

The principal contention of the defendant is that the guaranty and power of attorney to confess judgment did not authorize the entry of judgment for more than the sum of $118.75, being the amount due on all checks that had matured, together with a reasonable attorney's fee. Whether this contention is sound depends upon the construction to be given to the guaranty and power of attorney to confess judgment. No authority, directly in point, is cited in the briefs. Cases are cited which hold that a maker of commercial paper can make a valid agreement that the holder of the paper, at his election, may enforce payment prior to the date of maturity by confessing judgment. Such a stipulation does not, however, change the character of the obligation of the maker of the paper. He remains primarily liable. The only effect of the stipulation is to give to the holder of the paper the option to accelerate its maturity.

Under the express terms of the instrument in question the defendant obligated himself only as guarantor. He was to pay at or after maturity, and then only in the event of the failure of the maker of the checks to make prompt payment. If the construction contended for by the plaintiff be adopted, then the liability of the defendant would become absolute at any time at the mere whim of the plaintiff. We think that, in view of the fact that all of the checks, but one, were post dated, that they were sold at a substantial discount, and that the obligation of the defendant was expressly stated to be that of guarantor, the power of attorney did not authorize the confession of judgment on any of the checks prior to their respective maturities.

The order of the municipal court of Chicago overruling the motion to vacate the judgment will be reversed and the cause remanded with directions to that court to proceed in conformity with the views expressed in this opinion.

*Reversed and remanded with directions.*

HOLDOM, P. J., and WILSON, J., concur.