**First Professional Leasing Co., an Illinois Corporation, Plaintiff-Appellee, v. James D. Kearney and Carlos F. Baker, Defendants, Carlos F. Baker, Defendant-Appellant.**

**Gen. No. 11,259.**

Fourth District.
September 17, 1970.

John M. Roncone, of Springfield, for appellant.

Potter, Baldwin & Tagge, of Springfield, for appellee.

SMITH, J.

Plaintiff confessed judgment on a demand note against the defendants for $8,333.59. Baker filed his motion to open up this judgment supported by his own affidavit and that of his attorney and tendered an answer setting forth alleged defenses on the merits. The trial court denied the motion and refused to open the judgment. It appears that the defendant, James D. Kearney, sold certain office furniture and equipment to the plaintiff for $6,400. The plaintiff then leased the equipment back to Kearney on a three-year contract and required Kearney to deposit as collateral with the written lease a demand note with some party acceptable to the plaintiff as co-maker. Baker was acceptable to the plaintiff and signed the note. Kearney defaulted on his lease and judgment was taken on the note. The motion to open up the judgment was properly denied.

Defendant's motion is based on Supreme Court Rule 276, Ill Rev Stats 1969, c 110A, § 276, which in substance provides that a motion to open a judgment by confession

shall be supported by affidavit in the manner provided by Rule 191 for summary judgment and shall be accompanied by a verified answer which defendant proposes to file. If the motion and affidavit disclose a prima facie defense on the merits to the whole or a part of the plaintiff's demand, the court shall set the motion for hearing. The requirements of Rule 191, Ill Rev Stats 1969, c 110A, § 191, are that they shall be made on the personal knowledge of the affiant, shall set forth with particularity the facts upon which the claim, counterclaim or defense is based, shall have attached thereto sworn or certified copies of all papers upon which the affiant relies, shall not consist of conclusions but of facts admissible in evidence and shall affirmatively show that the affiant if sworn as a witness can testify competently thereto. Absent conformity with these requirements, the motion to open up the judgment was properly denied.

Baker's attorney filed an affidavit stating that at his request he had examined the file of the plaintiff, that in the file was a conveyance of the furniture and equipment from Wiley Office Equipment Company to a company whose name he did not recall, that the file further showed a bill of sale from Kearney to the plaintiff, that he advised plaintiff's president that there was nothing in the file showing that title to the furniture and the equipment had ever vested in Kearney, that about a week later he spoke to Kearney by phone and asked him if he had ever received a bill of sale or other evidence of ownership of the furniture and equipment either prior to, at the time of, or subsequent to the execution of the bill of sale that he, Kearney, had given the plaintiff and that Kearney advised that he had not.

The affidavit of Baker was that he had examined a copy of the lease agreement prior to executing a note, that he was led by the plaintiff and Kearney to believe that the plaintiff had title to the furniture and equipment which is the subject of the lease agreement, that

103

he was recently advised by his attorney that the examination of the plaintiff's file failed to disclose that Kearney ever had title to the furniture and equipment and that he had been advised by his attorney that Kearney had advised the attorney that he (Kearney) had never received a bill of sale or other evidence of ownership of the furniture and equipment. He likewise stated that neither the plaintiff nor the defendant had ever owned the subject furniture and equipment and do not own such furniture and equipment and had he known this he would not have signed the note.

■■■ We recognize that the motion here considered must be viewed under liberal equitable principles and the right to present the defense upon the merits is considered an exercise of the conscience of the court. Larsh v. Green Gold Farms, Inc., 68 Ill App2d 113, 214 NE2d 924; National Blvd. Bank of Chicago v. Corydon Travel Bureau, Inc., 95 Ill App2d 281, 238 NE2d 81. There must, however, be something set up in the affidavits conforming to the requirements of Rule 191 which would trigger the conscience of the court. There is nothing in either affidavit that suggests a meritorious defense to the whole or any part of this judgment. Apparently the theory is that at the time Kearney gave the bill of sale to the plaintiff he (Kearney) had no evidence that he owned the property. The record only shows that Kearney stated that he had no bill of sale or evidence of title. The record is silent as to whether he was asked if he owned the property. Most, if not all, of Baker's affidavit is pure hearsay or conclusions unsupported by any facts in this record. The affidavit of the attorney establishes that the plaintiff did have in his file a bill of sale from Kearney. There isn't a single provable fact stated either in the affidavit or in the answer which undermines this bill of sale. Under the terms of the lease, the property was to have been kept and used for business purposes in Birmingham, Alabama. Baker knew this because the

lease said so. There is nothing in the record that indicates that anyone else had ever claimed title to this property or ever possessed the property. Kearney defaulted on his contract. The record does not show why. Under these circumstances, there is simply nothing which suggests a meritorious defense on any part of the judgment nor that either of the affiants could testify if sworn as a witness to any facts material to a defense. Under such circumstances, the conscience of the court is not stirred and the trial court was correct in denying the motion to open up the judgment and for leave to plead.

Accordingly, the judgment must be and it is hereby affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.