STYLE BUILDERS, INC., Plaintiff-Appellee, *v.* STEVEN FUERNSTAHL *et al.,* Defendants-Appellants.

(No. 61600;

First District (5th Division)—September 12, 1975.

Gerald R. Slutsky, of Chicago (Harry G. Fins and David M. Gerson, of counsel), for appellants.

Donald W. Ford, of Wheaton, for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendants appeal from an order denying a motion for stay of execution of a judgment by confession and for leave to file a counterclaim. The order was entered after a return of a mandate issued pursuant to an opinion of this court in a prior appeal in this case. *Style Builders, Inc. v. Fuernstahl*, 21 Ill.App.3d 898, 315 N.E.2d 923.

Plaintiff had contracted to remodel the home of defendants, who gave plaintiff their promissory note which included a confession of judgment clause. Thereafter, plaintiff obtained a judgment by confession on the note in the Circuit Court of Cook County. In an amended motion to vacate the judgment, defendants asserted that the suit was improperly brought in Cook County; and, alternatively, they asked leave to file a counterclaim for damages against plaintiff.

The trial court ordered vacation of the judgment, concluding that section 50(3) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 50(3)) [1] allows applications for judgment by confession only in counties wherein one or more of the defendants reside or own real or personal property, and that the judgment was void because defendants resided in and owned property only in Du Page County. In its order, the court also granted defendants leave to file a counterclaim.

In our opinion on plaintiff's appeal from that order, we considered only the question of whether the judgment was properly confessed in Cook County and, there having been an admission that defendant Steven Fuernstahl was employed in Cook County and had a right to receive wages there, we concluded that this was sufficient to satisfy the requirements of section 50(3). Accordingly, we found that the action was properly brought in Cook County, and we reversed and remanded with directions to reinstate the judgment.

---

[1] "Any person for a debt bona fide due may confess judgment by himself or attorney duly authorized, without process. The application to confess judgment shall be made in the county in which the note or obligation was executed or in the county in which one or more of the defendants reside or in any county in which is located any property, real or personal, owned by any one or more of the defendants. A judgment entered by any court in any county other than those herein specified has no force or validity, anything in the power to confess to the contrary notwithstanding."

A summary of events leading to the first appeal is necessary to bring this issue into proper focus and, in this regard, we note that the first motion of defendants to vacate was stricken and, seven months later, defendants moved to set it for hearing and to amend it to a motion to open the judgment. On the same day the motion was presented, the trial judge entered an order denying "the motion to vacate the judgment." No action was then taken for about six months, when defendants made a new motion to vacate the judgment on June 15, 1973, asserting the judgment was void and alleging they were diligent and had a good and meritorious defense. This motion was supported by their affidavits and alternatively asked leave to file a counterclaim and requested a stay of proceedings. In its ruling on this action, the court on July 10, 1973, ordered a vacatur of the judgment and granted defendants leave to file a counterclaim. In the appeal from that order, we considered only the question of the validity of the judgment, and we specifically stated in our opinion that we did not deal with the other contentions raised.

Upon remandment, defendants moved to stay the execution of the judgment and to allow "the filing of a counterclaim heretofore authorized by the court." Tendered with the motion was a copy of the counterclaim defendants wished to file. It sought $10,000 damages on allegations that plaintiff not only negligently failed to complete its contract, but also that the partially completed work was done in such an unworkmanlike manner that the premises were rendered uninhabitable. The trial court denied both motions and included in its order a finding of no just reason for delaying appeal. From that order, defendants have taken this appeal.

OPINION

Defendants contend that upon remandment the trial court improperly denied them the right to file a counterclaim. They argue that they had previously been granted leave to file it and, because our prior opinion did not consider the propriety of that portion of the order, the trial court should have allowed the counterclaim to be filed.

■■ The sole support offered by plaintiff for the court's denial of the filing of the counterclaim is *res judicata*. First, it contends that by reinstating the judgment we determined the counterclaim issue and, as a result, defendants are barred from raising it again by that doctrine. In *People v. Kidd*, 398 Ill. 405, 408, 75 N.E.2d 851, the court stated:

> "The doctrine of *res judicata*, briefly stated, is that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action."

As stated in *Kidd,* a judgment is not *res judicata* unless rendered on the merits. See also, *The Charles E. Harding Co. v. Harding,* 352 Ill. 417, 186 N.E. 152; *Workmen's Lumber and Construction Co. v. Martin,* 121 Ill.App.2d 352, 257 N.E.2d 494. A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate facts or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends. *Radice v. Antonacci,* 120 Ill.App.2d 478, 257 N.E.2d 233; 23 Ill. L. & Pr. *Judgments* § 322.

Here, we note the following:

> 1. Our prior opinion did not determine, as plaintiff suggests, "that the plaintiff rendered the services in accordance with the requirements of the contract by the parties."
>
> 2. We held only that the judgment was properly entered in Cook County, and we did not consider plaintiff's other contentions on appeal.
>
> 3. Although the record of the prior appeal discloses the trial court had granted defendant leave to file a counterclaim, there is nothing to indicate that it was in fact filed prior to the first appeal so that there could not have been a hearing on its merits.
>
> 4. Our examination of the briefs and the record in the prior appeal reveals that the question of defendant's right to file a counterclaim was not raised.

In view thereof, we now hold that our prior opinion did not determine the counterclaim issue and is not *res judicata* thereof.

Secondly, plaintiff contends that a dismissal order entered by a Du Page County Circuit Court is also *res judicata* of the issue. In its brief, it calls our attention to an action brought against it by defendants in the Du Page court during the pendency of the Cook County proceeding. It appears that plaintiff attempted to execute on the confessed judgment by a levy on defendants' home in Du Page County, ( the home which was to be remodeled under the contract between the parties), and defendants filed a complaint in chancery in that county which sought injunctive relief from said levy and damages because of alleged breaches of duty by plaintiff. A copy of defendants' complaint in the Du Page court was attached to plaintiff's brief. In Count I thereof, defendants alleged the judgment was void because of improper venue, and in Count II they sought $10,000 in damages because of alleged negligence in the performance of the contract. The cause of action alleged in Count II was the same as that alleged in the counterclaim tendered upon remandment by defendants in the Cook County action, the refusal of which by the trial court is the subject of this appeal.

The Du Page court temporarily enjoined the sheriff's sale and then, after our prior opinion was filed, it entered an order dissolving the injunction and dismissing the complaint. No appeal was taken from that order, and plaintiff now argues that dismissal bars the filing of the counterclaim in the Cook County action. Defendants raise no objection to our consideration of the records of the Du Page court. They have in fact appended to their reply brief in this appeal a certified copy of the motion filed by plaintiff in that court to dissolve the injunction and dismiss the action, in which it is asserted that (1) the Du Page court had no jurisdiction because an injunction to stay execution must be filed in the court where the judgment was obtained; and (2) the Circuit Court of Cook County's entry of judgment by confession was *res judicata.*

We will take judicial notice of the pleadings in the Circuit Court of Du Page County. See *People v. Raby,* 40 Ill.2d 392, 240 N.E.2d 595, and *People v. Young,* 100 Ill.App.2d 20, 241 N.E.2d 587, where judicial notice was taken of a decision of the United States District Court in Illinois, and *Wagner v. Fawcett Publications* (9th Cir. 1962), 307 F.2d 409, *cert. denied,* 372 U.S. 909, where the Seventh Circuit Court of Appeals took judicial notice of proceedings in the Criminal Court of Cook County.

■■ We note that the dismissal order of the Du Page court does not state which of these grounds asserted by plaintiff was the basis of its action. However, we think that neither would be *res judicata.* A dismissal on the jurisdictional issue would not be a bar to a subsequent action. (*People ex rel. Stone v. Whalen,* 129 Ill.App.2d 462, 464, 263 N.E. 2d 365, citing *Weiland Tool & Mfg. Co. v. Whitney,* 44 Ill.2d 105, 251 N.E.2d 242, and *City of Geneseo v. Illinois Northern Utilities Co.,* 378 Ill. 506, 39 N.E.2d 26.) Therefore, if the Du Page court dismissed defendant's action for the reason that it lacked jurisdiction, it would not bar defendants from counterclaiming in the Cook County action. Furthermore, assuming the dismissal by the Du Page court was grounded on the alleged conclusiveness of the Cook County judgment, we do not see how plaintiff, having successfully pled that judgment to effect the dismissal of the Du Page action, should be permitted to turn a complete circle and use the Du Page dismissal as a bar to the same Cook County action.

In addition it appears that plaintiff's motion in the Du Page court was filed on April 10, 1973, but no action was then taken until October 11, 1974, when the order of dismissal was entered. When this 18-month delay is considered with the fact that our opinion was filed on August 9, 1974, it is strongly indicated that the court was awaiting the outcome of the prior appeal and that it was solely on the basis of our reinstatement

of the judgment in the Cook County court that the Du Page court entered its dismissal order. In any event, it seems clear to us that there was no judgment rendered on the merits as to defendants' possible action for damages against plaintiff, and therefore the dismissal would not be *res judicata* of the counterclaim tendered to the trial court in Cook County by defendants upon remandment.

The record of the first appeal discloses that after giving some consideration to the questions of diligence and meritorious defense the trial court, in the order appealed from, vacated the judgment, granted defendants leave to file a counterclaim and set the matter for hearing. The court stated at that time it felt "defendants should have their day in court." Upon remandment the trial court, by its order which is the subject of this appeal, denied the motion of defendant to file its counterclaim and to stay proceedings.

We assume this denial resulted from the court's belief that our opinion was *res judicata* of the counterclaim question. We make this assumption because (1) the only argument made here by plaintiff in support of the court's denial is that the issue was *res judicata;* and (2) after vacating the judgment, the court granted defendants leave to file the counterclaim and set the matter for hearing, and there appears no basis in the record for its denial upon remandment other than the belief of the trial court that our prior opinion was *res judicata* of the issue.

■■ We have found above, in this opinion, that the counterclaim is not barred by *res judicata*. Consequently, we will reverse the order of the trial court and remand for further proceedings.

Because this case has been twice on appeal, there is need for further clarification of its posture as we again remand it. In this regard, we see that defendants here have treated their motion as being brought under Supreme Court Rule 276 (Ill. Rev. Stat. 1971, ch. 110A, par. 276). Plaintiff does not contest this position, and we feel that it should be so treated. See *Mierlak v. Pizzo*, 9 Ill.App.3d 504, 292 N.E.2d 475, where the court stated, in reference to Rule 276, "Although designated as an 'amended petition to vacate,' this court may treat the document as a motion to open the judgment filed in pursuance to the Supreme Court Rule." The Rule provides a means for opening a judgment taken by confession and recites that if the motion and its supporting affidavit disclosed a *prima facie* defense on the merits of the case, the court shall set the motion for hearing; if, upon the hearing, it appears that a defense on the merits exists and that defendant has been diligent in presenting the motion to open, the court shall sustain it. The Rule further provides, in its last sentence:

> "If a defendant files a motion supported by affidavit which does not disclose a defense to the merits but discloses a counterclaim

against the plaintiff, and defendant has been diligent in presenting his motion, the trial court may permit the filing of the counterclaim and to the extent justice requires may stay proceedings on the judgment by confession until the counterclaim is disposed of."

We believe that the motion of June 15, 1973, to vacate was twofold in nature. It first asks vacation of the judgment; it then seeks a stay of execution and leave to file a counterclaim. It is the latter that we consider to be in the nature of a Rule 276 motion. Furthermore, we are of the opinion that the motion did not disclose a defense on the merits to the confessed judgment but did allege a counterclaim against plaintiff, and that the Rule permits the interposition of a counterclaim even though the judgment is not open. (See Ill. Ann. Stat. ch. 110A, § 276, Historical and Practice Notes (Smith-Hurd 1968).) We note also that the requirement of diligence was considered by the trial court and, by its order of July 10, 1973, which vacated the judgment and granted leave to file a counterclaim, it apparently found that there was a sufficient showing of diligence. We cannot say, from our review of the record that the court abused its discretion in this finding, particularly in view of the fact that defendants were without question diligent in the filing of their first motion to vacate. (The judgment by confession was entered February 24, 1972; a garnishment was served March 2, 1972, returnable March 20, 1972; and the original motion of defendants to vacate was filed March 15, 1972.) Moreover, we believe that the question of diligence is less important than the merits of the counterclaim. See *Stranak v. Tomasovic*, 309 Ill.App. 177, 32 N.E.2d 994.

In view of the foregoing, the trial court is directed upon remandment to permit the filing of the counterclaim tendered by defendants and, as provided in Rule 276, "if justice requires it," to stay proceedings on the judgment until the counterclaim is disposed of.

Judgment is reversed and the cause is remanded with directions as stated.

Reversed and remanded with directions.

BARRETT, P. J., and LORENZ, J., concur.