KENNETH F. RITZ, Plaintiff-Appellee, v. CAROLE A. KARSTENSON, Defendant-Appellant.

Second District (1st Division)    No. 75-343

Opinion filed June 30, 1976.—Rehearing denied August 5, 1976.

---

James E. Beckley and Alice J. Kryzan, both of Roan & Grossman, of Chicago, for appellant.

Beckstrand, Ritz & Wham, of Rockford, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Carole A. Karstenson, the defendant, appeals from an order which denied her petition to open a judgment confessed by the plaintiff, Kenneth F. Ritz, on her promissory note. She contends that the plaintiff as a transferee of the note which was given as part consideration for the purchase of horses, cannot claim as a holder in due course free from the alleged fraud of the seller and that therefore she has shown, prima facie, a meritorious defense to the complaint to confess judgment.

The defendant executed and delivered a promissory note payable to bearer in the amount of $35,000 on February 19, 1974, to Robert L. Brown. The note was due on August 19, 1974. The note and check in the amount of $78,000 were delivered to Brown to purchase 13 brood mares for defendant for a total price of $113,000. She alleges, however, that Brown paid only $25,000 for the horses and that she has sued Brown in the Circuit Court of Cook County alleging fraud and deception. Brown transferred the note to Frank M. Jayne, Jr., who was also made a defendant in the Cook County case and who transferred the note to his father, Frank Jayne, Sr. Frank Jayne, Sr., in turn transferred the note to Kenneth F. Ritz, the plaintiff, on or about June 28, 1974. All of the transfers were without endorsement.

It further appears that in exchange for the negotiable bearer note plaintiff transferred to Frank Jayne, Sr., all rights of ownership in Horse City Products Co., an Illinois Corporation, which manufactured horse care products. Plaintiff also agreed to turn over to Jayne, Sr., the formulas for the line of products manufactured and sold by the corporation, together with the secret formulas which are alleged to have a substantial value. Plaintiff further alleged that he had been negotiating unsuccessfully with Minnesota Mining and Manufacturing Company (3-M) for the sale

of the formulas and had been asking $50,000; and that the best offer he was able to get for his corporation was the $35,000 bearer note of the defendant. Plaintiff also furnished a letter agreement relative to the sale and purchase which included a matter of additional compensation which the plaintiff was to receive from Jayne, Sr., if a licensing deal was made with the 3-M Company.

It also appears from the record that Jayne, Sr., was concerned that the plaintiff not disclose to the defendant that he had purchased the negotiable bearer note because Jayne, Sr., expected to do further business with the defendant and felt she would be embarrassed if it were known she was engaged in purchase money financing of her horses, but Jayne, Sr., agreed that any sums paid by defendant on the note were to be turned over immediately to plaintiff. Plaintiff also reserved the right to take appropriate action to collect any sums still owed on the note if defendant defaulted. The letter agreement concluded with an understanding that under any conditions plaintiff was to get at least $20,000 in exchange for disclosing the secret formulas for his corporation products.

Pursuant to the confession of judgment clause judgment was entered on January 30, 1975, for the total sum of $42,887.32 representing the principal amount of $35,000, $787.32 in interest and $7,100 in attorney's fees. On February 18, 1975, defendant moved to vacate the judgment alleging lack of jurisdiction. The court denied defendant's motion. On May 19, 1975, defendant filed a petition to open up the judgment. The hearing on the petition was denied on May 23, 1975, and a written order to this effect was entered on June 3, 1975.

■■ The first issue which we consider is whether defendant's petition to open the judgment and her affidavits in support are in compliance with Supreme Court Rule 276 (Ill. Rev. Stat. 1973, ch. 110A, par. 276) inasmuch as the petition was not accompanied by a verified answer which defendant proposed to file as required by the rule.

We conclude that although the defendant did not file a verified answer she has substantially complied with the procedural aspects of Rule 276. See *Turner v. Smiley*, 8 Ill. App. 3d 388, 390 (1972).

We then reach the question whether the allegations of fact set forth in the petition and accompanying affidavits constitute a meritorious defense to the claim which would entitle defendant to reopen the confessed judgment.

In determining whether the allegations constitute a meritorious defense the court must accept as true all of the statements of fact in defendant's affidavits and may not consider allegations contained in the counter-affidavits filed by the plaintiff. *Kuh v. Williams* 13 Ill. App. 3d 588, 592-93 (1973). See also *First National Bank v. Achilli*, 14 Ill. App. 3d 1, 4 (1973).

Defendant's petition and the exhibits attached thereto allege fraud as

her defense to the note. She also alleges that plaintiff is not a holder in due course because he did not take the note for value and because he had knowledge of the fraud in the initial transaction for the note.

A holder in due course is one who takes the instrument for value, in good faith, without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. See Ill. Rev. Stat. 1973, ch. 26, par. 3—302.

■■ Defendant's contention that the note was not transferred for value appears to be based on the affidavit of her attorney which states that the company transferred to Frank Jayne, Sr., by plaintiff had never made a profit. The conclusion, however, does not necessarily follow from the premise. The fact that a company has never made a profit does not necessarily render it worthless. The agreement which was attached to defendant's petition as an exhibit includes a statement that certain formulas for horse care products were transferred to Frank Jayne, Sr., with the stock of the corporation. There is nothing in the affidavit to indicate that the formulas are in fact worthless.

Defendant next claims that she has a meritorious defense against the plaintiff in that she alleges he had notice of the fraud in the original transaction. Defendant's claim that the terms of the agreement under which plaintiff transferred his company to Frank Jayne, Sr., in exchange for the note indicates that plaintiff had knowledge of a defense to the note. Defendant points to the fact that the plaintiff required full assurance of payment of at least $20,000 from Frank Jayne, Sr., if defendant defaulted on the note; and to the fact that the transaction was to be kept secret from the defendant. In addition, defendant asserts that the note was purchased by plaintiff at a substantial discount.

■■ The kind of notice to purchasers which will defeat the right to claim as a holder in due course as here relevant is set forth particularly in section 1—201(25) of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 1—201(25)). Section 1—201(25) in substance provides that a person has "notice" of a fact when he has actual knowledge of it or from all the facts and circumstances he has reason to know of its existence.

■■ Under this definition we cannot conclude that the defendant's affidavit sufficiently sets forth the facts which would show that the plaintiff had notice of the alleged fraud in the original transaction. Defendant argues that the note was purchased at a substantial discount as inferring notice of the fraud. However, as we have indicated the facts set forth in the affidavit do not prove that the note was purchased at a substantial discount inasmuch as the consideration for the note was the exchange of stock of the corporation and the formulas. Nor does the allegation that plaintiff requested that the transfer of the note be concealed from the defendant furnish proof of notice since the agreement

attached to the defendant's affidavit shows that it was at the request of Frank Jayne, Sr., and not at the plaintiff's request that the note transfer was to be concealed from the defendant. Nor is it necessarily suspicious or proof of notice of irregularity that the plaintiff required a guaranty that at least a specified amount would be paid in view of the fact that the plaintiff did not personally know the defendant and was three times removed from the original transaction.

*Winter & Hirsch, Inc. v. Passarelli*, 122 Ill. App. 2d 372, 377-79 (1970), cited by the defendant is distinguishable. There the court concluded that the plaintiff was not a holder in due course because it was a co-originator on the note, and in dicta indicated that when a party is able to purchase paper at an extraordinary discount it then has a duty to inquire further into the initial transaction to determine if the borrower has a defense to the note. In the present case, however, there was no discount proved. In the other cases cited by defendant the party seeking holder in due course status was either involved in the original transaction or was so closely associated with the original lender that it appeared that he should have had knowledge of the lender's fraudulent business practices. See, *e.g.*, *Financial Credit Corp. v. Williams*, 246 Md. 575, 229 A.2d 712, 716 (1967); *Norman v. World Wide Distributors, Inc.*, 202 Pa. Super. 53, 195 A.2d 115, 117-18 (1963).

Viewing all of the factual allegations contained in defendant's affidavits as true, they do not amount to proof that the plaintiff had notice of the alleged fraudulent nature of the original transaction.

Defendant has also argued that we do not reach the question of whether the plaintiff is a bona fide purchaser in proceedings to vacate a judgment by confession pursuant to Supreme Court Rule 276, supra. She contends that once she has shown that there was fraud in the initial transaction she has stated a meritorious defense which is sufficient to open the judgment. She places reliance on section 3—307(3) of the Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 3—307(3)), which provides:

> "(3) After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course."

She reasons that since the vacation of judgment proceedings must be purely on the basis of the defendant's affidavit the plaintiff cannot sustain his burden of establishing his holder in due course status in this proceeding and that the issue can only be determined after a trial on the merits.

■■■ We are not persuaded by this argument, however. The debtor who seeks to set aside a judgment by confession must first establish that he has a meritorious defense to the action which has been brought against

him. To establish a meritorious defense defendant must state facts which sufficiently question the holder's bona fide status as a transferee of the note. (See, *e.g., Dammann v. Connolly,* 135 Ill. App. 504, 507 (1907), *aff'd* in *Connolly v. Dammann,* 232 Ill. 175 (1907).) Defendant in fact recognized this requirement in seeking to show that plaintiff was not a bona fide purchaser because he should be charged with notice of the alleged fraud in the original transaction. But as we have found, she failed to allege facts sufficient to establish the defense against the plaintiff. Section 3—307(3) of the Commercial Code, is a rephrasing of original section 59 of the Negotiable Instrument Law without substantial change of import. (See Ill. Code Comment, Ill. Ann. Stat., ch. 26, par. 3—307(3) (Smith-Hurd 1963).) Under section 59 of the Negotiable Instrument Law it was held that a holder of negotiable instrument is deemed prima facie to be a holder in due course. (See *Peterson v. Emery,* 154 Ill. App. 294, 298 (1910).) Section 3—307(3) does not change that result. (See also Ill. Code Comment, ch. 26, par. 3—307(2), at 202 (Smith-Hurd 1963).) Thus, while one who claims as a holder in due course has the ultimate burden to prove his bona fide status, he is not required to do so until the debtor first overcomes his prima facie case. The defendant has not shown that a defense exists in her petition and affidavit. If she had, it would, of course follow that the holder could not establish that he was a holder in due course by his counteraffidavit, but only in a trial on the merits.

We, therefore, affirm the order of the trial court denying defendant's motion to open the judgment by confession and affirm the judgment.

Affirmed.

GUILD, P. J., and HALLETT, J., concur.