JOHN R. MALONE, Plaintiff-Appellee, v. ARTHUR M. MARKS, Defendant-Appellant.—(LOUIS H. WAGNER, Defendant.)

Third District   No. 76-502

Opinion filed December 30, 1977.

Michael W. Heller, of Peoria, for appellant.

Richard H. Parsons, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

This appeal arises from the trial court's refusal to open a judgment by confession.

On June 5, 1970, plaintiff John R. Malone entered into a written agreement with defendants Arthur M. Marks and Louis A. Wagner for the purpose of financing a large condominium project in Peoria. (Wagner is now deceased and is not a party to this appeal.) Under the terms of that agreement plaintiff agreed to loan $100,000 to the project with the first $50,000 to be advanced at the time of execution of the contract. Title to the condominium site was to be placed in a land trust, and the trustee was

to execute a promissory note to plaintiff for $100,000. The note was to be paid from the proceeds of sale of the condominium units, and also was to be secured by an assignment of four units on the 15th floor plus a $100,000 insurance policy on defendant Arthur M. Marks' life. Defendant was in charge of arranging the financing, construction, and sales. The sixth paragraph of the agreement provided in part as follows:

"In the event the construction mortgage lender shall require the parties hereto or any of them to guarantee the construction loan the parties agree to execute any such required guaranty provided, however, that a written commitment for permanent mortgage loan financing in an amount at least equal to the construction loan has been received by the parties, such permanent loan to be available on the date of final repayment of said construction loan and, provided further, that satisfactory assurances have been furnished that adequate performance and completion bond will be provided by the general contractor covering all construction work on the project. No personal guarantee shall be required of any of the parties hereto in connection with any permanent loan financing."

On October 25, 1970, plaintiff and defendant signed as guarantors of a two-year construction loan commitment for $3,368,625 from First Mortgage Investors of Miami Beach, Florida, which required payment of $44,913 as a deposit and loan processing fee. Plaintiff advanced $51,875 on December 5, 1970, and defendant executed a personal judgment note in that amount, with interest at the rate of 9½ percent per year, payable to plaintiff and due on June 5, 1971. The commitment was later cancelled, and the project failed. Apparently the land trust was never formed.

On June 25, 1974, plaintiff obtained a judgment by confession on defendant's note for $51,875, which with interest and costs, totaled $74,769.55. Within 30 days of service of summons to confirm the judgment by confession, defendant filed a motion to vacate the judgment, supported by affidavit, and a counterclaim pursuant to Supreme Court Rule 276 (Ill. Rev. Stat. 1975, ch. 110A, par. 276). The trial court denied defendant's motion and also denied his subsequent motion to reconsider. This appeal followed.

Defendant argues that the trial court abused its discretion in refusing to vacate the judgment because his motion and supporting affidavit set forth facts which give rise to a *prima facie* defense of failure of consideration.

■■■ Supreme Court Rule 276 provides that if, at the hearing on a motion to open a confessed judgment, the motion and supporting affidavit disclose a *prima facie* defense on the merits, the trial court should sustain the motion, and then the case should proceed to trial on the

merits. Rule 276 also requires the filing of a verified answer but defendant's failure to do so is not fatal so long as the substantive requirements of the Rule are met. (*Turner v. Smiley* (1st Dist. 1972), 8 Ill. App. 3d 388, 291 N.E.2d 27.) Similarly, although defendant's motion is labeled a "motion to vacate," this court will treat it as a motion to open the judgment under Rule 276. *Style Builders, Inc. v. Fuernstahl* (1st Dist. 1975), 32 Ill. App. 3d 272, 336 N.E.2d 369.

■■ A motion to open a confessed judgment must be viewed under liberal equitable principles, and the right to present a defense on the merits is considered an exercise of the conscience of the court. (*First Professional Leasing Co. v. Kearney* (4th Dist. 1970), 129 Ill. App. 2d 101, 262 N.E.2d 507.) Nevertheless, defendant must make a clear showing that he had a defense, and he must demonstrate the inherent justice of his contention by substantial facts. (*Turner v. Smiley* (1st Dist. 1972), 8 Ill. App. 3d 388, 291 N.E.2d 27.) In determining whether defendant's allegations constitute a meritorious defense, the court must accept as true all of the statements of fact in defendant's affidavit. *Ritz v. Karstenson* (2d Dist. 1976), 39 Ill. App. 3d 877, 350 N.E.2d 870.

Defendant asserts, in both his affidavit and counterclaim, that plaintiff failed to perform his agreement to guarantee the construction loan and failed to perform his oral promise, made in early March 1971, to issue a letter of credit for $609,000 as an additional guaranty of the loan. As a result, the project failed. Defendant somewhat confusingly also refers to plaintiff's oral promise to guarantee the construction loan. However, paragraph 6 of the written agreement, dated June 5, 1970, required all parties, including plaintiff, to guarantee the construction loan if requested, provided certain conditions were met. Furthermore, defendant attached to his affidavit a copy of a construction loan commitment for $3,368,625, dated October 25, 1970, and signed by both plaintiff and defendant. The latter document indicates that plaintiff fulfilled his obligation to guarantee the construction loan, and thus does not support defendant's "failure of consideration" theory. We also note that any oral agreement to furnish a letter of credit made by plaintiff in March of 1971 could not possibly have served as consideration for defendant's note because the note was executed December 5, 1970, at least three months before the alleged oral agreement, the breach of which allegedly caused the project to founder.

■■ Since consideration for a negotiable note is presumed, the burden is on defendant to show the absence thereof, and this includes the burden of negativing all forms of consideration. (*First National Bank v. Achilli* (2d Dist. 1973), 14 Ill. App. 3d 1, 301 N.E.2d 739.) The facts alleged by defendant disclose two forms of consideration for the note: (1)

$51,875 cash paid by plaintiff to meet the costs of starting up the project, and (2) certain promises (apparently both written and oral) to guarantee the construction loan, if required. Cash paid is good consideration, and, where a motion to open a judgment shows that the judgment note was given for the alleged promises of plaintiff, those promises would constitute consideration and thus there would be no failure of consideration. *May v. Chas. O. Larson Co.* (1st Dist. 1940), 304 Ill. App. 137, 26 N.E.2d 139.

After carefully reviewing the record and examining the authorities, we cannot say that the trial court abused its discretion in refusing to open the judgment in this cause.

■■ Defendant also contends that the trial court can grant leave to file a counterclaim even though no meritorious defense is shown. (See *Style Builders, Inc. v. Fuernstahl* (1st Dist. 1975), 32 Ill. App. 3d 272, 336 N.E.2d 369.) We note that here the facts alleged in the counterclaim are the same as those asserted in defendant's affidavit in support of his motion, except that defendant claims to have suffered $1,000,000 in lost commissions and profits when the project failed as a direct and proximate result of plaintiff's breach of his oral agreements. These allegations are broad general statements and are not supported by any facts in the record. We believe a denial of the counterclaim was within the proper exercise of the trial court's discretion.

■■ Defendant also contends that the judgment note was usurious, but this issue was not raised in the trial court and may not be raised for the first time on appeal. *Harris v. Bernfeld* (1st Dist. 1928), 250 Ill. App. 446.

For the reasons stated, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.