JOHN KORF, Plaintiff-Appellant, *v.* WILLIAM FANSLER, Defendant-Appellee.

Second District   No. 77-2

Opinion filed February 22, 1978.

Manus & Korf, of Freeport, for appellant.

Bruce D. Wellman, of Mt. Morris, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This cause arises from a note which was made on January 14, 1953, with a maturity date of January 14, 1956. The terms of the note contained an express waiver of diligence in collection. Defendant alleges he has made no payment since October 14, 1963, nor has he made any other promise to pay or any other acknowledgment of the debt. On July 24, 1975, plaintiff filed a confession of judgment on the note, and judgment was given the same day for $30,741.16, which includes remaining principal, interest, and attorneys fees. Defendant was also to pay costs of $43. Defendant sought to open the judgment under Supreme Court Rule 276 (Ill. Rev. Stat. 1975, ch. 110A, par. 276), although defendant did not accompany the motion with a verified answer to the complaint. The trial court granted the request to open the judgment for the limited purpose of determining whether the statute of limitations extinguished plaintiff's right to enforce the obligation. After a hearing on this issue, the court concluded that the original action was so barred, and judgment was entered for defendant.

■■ Plaintiff contends that defendant failed to comply with Supreme Court Rule 276 in that no answer to the complaint was made a part of defendant's motion, and this failure was adequate basis for the trial court to have granted either his motion to strike the motion to vacate or his motion for judgment on the pleadings. This court has held that one may substantially comply with Rule 276 even though he has failed to file such a verified answer as referred to in that rule. (*Ritz v. Karstenson* (1976), 39 Ill. App. 3d 877, 350 N.E.2d 870.) We accordingly hold this argument to be without merit.

■■ Plaintiff's next contention is that defendant waived the statute of limitations by the terms of the note expressly waiving "diligence in collection." The First District has held that a similar note authorizing confession of judgment "at any time after maturity" did not waive the statute of limitations. (*In re Estate of Jorgensen* (1966), 70 Ill. App. 2d 398, 217 N.E.2d 290.) It is our view that the terms of the note in the cause before us are sufficiently similar to the terms which were in the note in *Jorgensen* that we may conclude that defendant here did not waive the statute of limitations.

■■ Plaintiff finally argues that any one of three facts constitutes evidence of a promise to pay made after defendant's last payment in 1963. First, on November 23, 1974, a third party made a payment of $125 to plaintiff, ostensibly for the use of defendant's corn dryer (as noted on the check). Plaintiff's secretary typed an additional notation on the check that the amount was to be credited to the amount due on the promissory note in question. We have not found any indication of an agency relationship between defendant and the third party, or that defendant otherwise authorized him to make a payment on the debt. We therefore

conclude that the payment by the third party is without effect in this action.

■■ Second, plaintiff sent a registered letter to defendant on January 3, 1974, in which plaintiff reminded defendant of the debt, noting also in that letter a purported discussion between plaintiff and defendant concerning the debt. Plaintiff now argues that defendant's silence in the face of this letter constitutes an admission of the obligation. In our view defendant's silence does not constitute an actual and affirmative intent to make partial payment, as required by *Joseph v. Carter* (1943), 382 Ill. 461, 47 N.E.2d 471, and we conclude that this argument is also without merit.

■■ Third, plaintiff argues that defendant made a judicial admission in the hearing, which should revive the obligation to pay. The strongest language in the record which would support this contention appears to be an exchange in which defendant is asked, "* * * you still owe the balance on the note, is that correct?" to which defendant answered, "I suppose so." We do not view this as an expression of an intent to pay or an acknowledgment of an obligation to pay. Certainly, in defendant's mind the debt still existed, even though by operation of the statute of limitations, there was no longer an obligation for him to pay.

We accordingly affirm the decision of the trial court in finding for defendant that the statute of limitations bars recovery.

Affirmed.

NASH and BOYLE, JJ., concur.