JOHN L. NORDHEM *et al.*, Plaintiffs-Appellees, *v.* HARRY'S CAFE, INC., Defendant-Appellant—(Harold A. Reskin, *et al.*, Defendants).

First District (5th Division)   No. 82—557

Opinion filed July 22, 1983.

Pedersen & Houpt, of Chicago (Arthur M. Holtzman and Arthur Sternberg, of counsel), for appellant.

Stephen B. Diamond and S. Keith Collins, both of Mangum, Beeler, Schad & Diamond, P.C., of Chicago, for appellees.

PRESIDING JUSTICE WILSON delivered the opinion of the court:

Plaintiffs, John and William Nordhem, each obtained judgments by confession in the amounts of $21,250 and $22,681.24, respectively, on individual promissory notes executed by defendants, Harold Reskin, Robert Liston, Thomas Dubois and Thomas Gorsuch, individually[1] and as shareholders of Harry's Cafe, Inc. (Harry's Cafe) in consideration for the purchase of plaintiffs' stock in Harry's Cafe. Defendant Harry's Cafe appeals from an order of the circuit court granting plaintiffs' motions for confirmation of judgments and denying its motion to open judgment and file its verified answer and counterclaim pursuant to Supreme Court Rule 276 (Rule 276). (87 Ill. 2d R. 276.) For the reasons that follow, we reverse and remand with instructions.

Pursuant to written contracts and resolutions of stockholders and directors, plaintiffs managed Harry's Cafe from November 1977 through December 20, 1979. During that time, repeated disputes arose among plaintiffs and the other four stockholders regarding the operation of the restaurant. As a result of this discord, in 1979, two of the stockholders, Harold Reskin and Robert Liston, filed a complaint in Du Page County (Du Page action) against all parties in the present case, seeking injunctive and declaratory relief related to certain corporate and stockholder disputes. On March 5, 1980, while the Du Page action was still pending, plaintiffs agreed to sell their stock in Harry's Cafe to Thomas Gorsuch, one of the stockholders, for $80,000. On November 24, 1980, the stock purchase agreement was amended to substitute Harry's Cafe as the purchaser. Pursuant to the agreement, $20,000 was paid to each plaintiff as a downpayment and cognovite notes, due December 24, 1980, were issued for the balance.

The record reveals that instead of making the final stock purchase payments on the due date, Harry's Cafe filed a motion in the Du Page action requesting leave to file a counterclaim against plaintiffs (codefendants in the Du Page action), seeking, *inter alia*, a declaratory judgment regarding the existence of certain rights of setoff and/or recoupment by Harry's Cafe against plaintiffs with respect to the outstanding promissory notes. Before the motion was set for hearing, the Du Page action was dismissed with prejudice by stipulation of the parties. As a result, the counterclaim was never filed.

On February 25, 1981, plaintiffs filed individual complaints for

---

[1]Pursuant to plaintiffs' oral motion, the cause of action against defendants, individually, was dismissed without prejudice and with leave to reinstate.

confession of judgment on the promissory notes, which judgments were entered on March 4, 1981 (J. Nordhem), and June 4, 1981 (W. Nordhem). On July 28, 1981, plaintiffs moved for a confirmation of the judgments, stating that no motion to open the judgments had been filed by defendants. However, on that same day, defendants also filed their motion to open judgment and requested leave to file a counterclaim and stay proceedings on the judgments. Defendants' motion was accompanied by their verified answer and counterclaim as well as an affidavit in support of the motion, signed by Thomas Dubois, president of Harry's Cafe.

Subsequently, at a hearing on the motions, plaintiffs argued that the judgments should be confirmed because defendants failed to present a meritorious defense as required by Rule 276 and, further, that the counterclaim was barred because: (1) defendants had knowledge of the allegations therein prior to execution of the promissory notes; (2) the stock purchase agreement was intended to be a settlement of all disputes between the parties; and (3) the allegations of the counterclaim were previously dismissed with prejudice in the Du Page action and, thus, were barred by *res judicata.*

In response, defendants argued that: (1) knowledge of plaintiffs' wrongful acts prior to execution of the notes may preclude raising a defense to payment, but does not preclude a counterclaim for setoff; (2) the stock purchase agreement was not intended as a settlement; and (3) the counterclaim prepared for the Du Page action was never filed and, thus, the current counterclaim was not barred by *res judicata.*

After taking the matter under advisement, the court granted plaintiffs' motion to confirm and denied defendants' motion to open the confession of judgment and for leave to file a counterclaim. In response to defendants' subsequent motion to reconsider, the trial court modified its findings, but affirmed its decision. Defendant's timely appeal followed.

OPINION

Rule 276, which provides for opening of judgments by confession, states in pertinent part:

"A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 191 for summary judgments, and shall be accompanied by a verified answer which defendant proposes to file. If the motion and affidavit disclose a *prima facie* defense on the merits to the whole or a part of the plaintiff's claim, the court shall set the motion for

hearing. *** If a defendant files a motion supported by affidavit which does not disclose a defense to the merits but discloses a counterclaim against the plaintiff, and defendant has been diligent in presenting his motion, the trial court may permit the filing of the counterclaim and to the extent justice requires may stay proceedings on the judgment by confession until the counterclaim is disposed of."

As the foregoing indicates, the filing of a Rule 276 counterclaim is a two-step process: (1) the procedural prerequisites of affidavit and diligence must be satisfied; then (2) the court, in its discretion, may permit the filing. In the case at bar, we find that defendants have satisfied both procedural prerequisites. First, the affidavit filed in support of defendants' motion to open judgment cited pertinent dates in support of defendants' diligence and alleged a setoff to plaintiffs' claim, thereby satisfying the requirements of particularity set forth in Supreme Court Rule 191 (Rule 191). (87 Ill. 2d R. 191.) Second, although plaintiffs attempt to argue lack of diligence in their briefs, the record clearly shows that this was not an issue in the trial court, and, thus, cannot now be raised on appeal. (*Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299, 303.) Therefore, the only issue before this court is whether the trial court's denial of defendants' motion for leave to file its counterclaim was an abuse of discretion.

In the pending case, the trial court entered two orders with accompanying opinions, the second order being in response to defendant's motion to reconsider. While the second order affirmed the previous one, it vacated one of the original findings and cited additional case law support. In making our determination as to whether the evidence supports the trial court's judgment, we will analyze the rationale expressed in the two opinions in conjunction with the record as a whole.

In its first opinion, the trial court denied defendants' motion on the grounds that: (1) "[r]equirements to vacate or open, (one of which is a non-conclusory meritorious defense) are not met under the standard of *Passanti* [*sic*] *v. Callier*"; (2) requirements of Rule 191 are not met; and (3) defendants' counterclaim is barred by the dismissal with prejudice of the identical counterclaim filed in the Du Page action. After careful review, we find none of these grounds to be sufficiently supported by the evidence.

First, *Passanante v. Callier* (1978), 61 Ill. App. 3d 360, 377 N.E.2d 1304, is factually distinguishable from the case at bar on a very critical point. In *Passanante*, defendant alleged a meritorious defense. In our case, defendants admit to their liability and allege a set-

off in the manner of a counterclaim. Because Rule 276 expressly treats meritorious defenses and counterclaims differently (*Kuh v. Williams* (1973), 13 Ill. App. 3d 588, 591-92, 301 N.E.2d 151), the provisions of Rule 276 which were applicable in *Passanante* are not applicable in the pending case. Second, as previously discussed, we find that the specificity requirement of Rule 191 has been met. Third, because the *res judicata* finding was subsequently vacated in the trial court's second opinion, no further discussion is necessary.

In its second opinion, the court concurred with plaintiffs that: (1) the principles in *Kuh v. Williams* (1973), 13 Ill. App. 3d 588, 301 N.E.2d 151, relied upon by defendants, do not apply in this case because the decision in *Kuh* was influenced by the facts that there was a defense and that the statute of limitations would have barred a separate cause of action on those allegations set forth in defendant's counterclaim; and (2) *Malone v. Marks* (1977), 55 Ill. App. 3d 846, 371 N.E.2d 204, is persuasive in its holding that broad general statements not supported by any facts in the record are not sufficient to support the filing of a Rule 276 counterclaim. We do not find that the facts in the case at bar support the trial court's application of *Kuh* and *Malone*.

In *Kuh v. Williams* (1973), 13 Ill. App. 3d 588, 301 N.E.2d 151, defendants filed a motion pursuant to Rule 276 to open plaintiff's judgment by confession, alleging good and meritorious defenses as well as a setoff by means of a counterclaim. In response, plaintiff argued, *inter alia*, that defendants had not been diligent; had no meritorious defense; and their counterclaim was barred by the statute of limitations. In holding that the trial court had abused its discretion in refusing to permit the counterclaim to be filed, the court stated, "[E]ven if there had been no abuse of discretion in regard to the filing of the counterclaim, defendants diligently raised two meritorious defenses, and, once raised, the court had no discretionary authority, but was required to allow the motion to open the judgment and proceed to trial." (13 Ill. App. 3d 588, 593-94.) The language of the court clearly indicates that the counterclaim and the defenses were analyzed independently and that the ruling on one was in no way influenced by the ruling on the other. In addition, we concur with the rationale expressed in *Kuh* that when a Rule 276 counterclaim is "proper" and defendant has been diligent, leave should be granted to file it. In the pending case, defendant has satisfied both criteria.

Further, we find *Malone v. Marks* (1977), 55 Ill. App. 3d 846, 371 N.E.2d 204, factually distinguishable from the case at bar. In *Malone*, after the court found that defendant's Rule 276 motion and its sup-

porting affidavit did not state a meritorious defense, it reviewed defendant's counterclaim and found that it contained the identical "broad general statements" alleged in the defense, none of which were supported by the record. As a result, the court affirmed the denial of defendant's motion to open judgment. In contrast to *Malone*, the allegations contained in defendants' counterclaim in the pending case are sufficiently detailed and adequately supported by the record.

Regarding plaintiffs' argument that the stock purchase agreement was intended as a settlement agreement regarding all allegations set forth in the counterclaim, it is our opinion that this argument would be more appropriately presented at the hearing on defendant's counterclaim, not at the hearing on a motion for leave to file the counterclaim. Therefore, we purposely refrain from addressing the merits of that particular allegation.

In conclusion, based upon the evidence presented in the record and in accord with the legal axiom that pleadings should be liberally construed so that all controversies may be completely and finally determined according to the substantive rights of all parties (*Olin Mathieson Chemical Corp. v. J. J. Wuellner & Sons, Inc.* (1966), 72 Ill. App. 2d 488, 492-93, 218 N.E.2d 823), we hold that the trial court abused its discretion in denying defendants' motion for leave to file a counterclaim. Therefore, we reverse the trial court's judgment and remand the cause with instructions to permit the filing of a counterclaim and to stay proceedings on the judgments by confession until the counterclaim is disposed of on its merits.

Reversed and remanded with instructions.

SULLIVAN and O'CONNOR, JJ., concur.